525 So.2d 809 (1988)
L.V. JOHNSON, Jr.
v.
STATE of Mississippi.
No. 57340.
Supreme Court of Mississippi.
May 11, 1988.
George S. Monroe, B. Jackson Thames, Jr., Newton, for appellant.
*810 Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Jo Anne M. McLeod, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and ANDERSON, JJ.
DAN M. LEE, Presiding Justice, for the Court:
L.V. Johnson was indicted in Neshoba County for forcible rape under Miss. Code Ann. § 97-3-65(2) (1972 & Cumm.Supp. 1987), on January 17, 1986. He was also indicted as an habitual offender pursuant to Miss. Code Ann. § 99-19-81 (1972 & Cumm.Supp. 1987) on March 25, 1986. Mr. Johnson's motion for a change of venue was granted and the trial was moved to Scott County, where Mr. Johnson was tried and convicted and sentenced to serve 40 years on the state penitentiary without benefit of parole, suspension, probation, or reduction of sentence. He appeals this conviction and sentence to this Court, assigning the following errors:
I. THE TRIAL COURT ERRED IN FAILING TO SUSTAIN APPELLANT'S MOTION FOR A CONTINUANCE ON THE GROUNDS OF THE ABSENCE OF A MATERIAL WITNESS FOR THE APPELLANT WHO WOULD HAVE TESTIFIED THAT THE APPELLANT WAS AT SAID MATERIAL WITNESS'S HOUSE WHEN THE RAPE OCCURRED.
II. THE TRIAL COURT ERRED WHEN IT FAILED TO SUSTAIN THE OBJECTION OF THE APPELLANT TO THE ADMISSION INTO EVIDENCE OF A STATEMENT, OR ALLEGED CONFESSION OF THE APPELLANT, WHICH WAS MADE AT A TIME WHEN APPELLANT WAS UNDER THE INFLUENCE OF DRUGS AND ALCOHOL.
III. THE LOWER COURT ERRED IN FAILING TO SUSTAIN THE MOTION FOR A NEW TRIAL BY THE APPELLANT ON THE GROUNDS THAT THE VERDICT OF THE JURY WAS CONTRARY TO THE OVERWHELMING WEIGHT OF THE EVIDENCE.
IV. THE TRIAL COURT ERRED IN FAILING TO SUSTAIN APPELLANT'S OBJECTION AND MOTION FOR A MISTRIAL WHEN APPELLANT WAS ASKED ABOUT HIS CONVICTION FOR THE RAPE OF MRS. EUBANKS IN OCTOBER 1985, IN NESHOBA COUNTY CIRCUIT COURT.
Around 3:00 a.m. on July 7, 1985, Mrs. Eddie Lee Eubanks, age 76, got up from her bed to go to the bathroom. When she came back, she felt someone in the bed and asked, "Who are you and where did you get in?" A male said, "I come in the only window you left open in your house." The man then raped her. He then wanted to be taken to where she kept money. He grabbed her flashlight, her telephones, and pulled a knife across her throat. She went to get her change purse from on top of the refrigerator and he grabbed her piggy bank off the mantle. He then wanted to be taken to the purse that she carried everyday. She took him to the guest bedroom and gave him a purse that did not have anything in it. He threatened to kill her for lying about her purse, whereupon she handed him the purse that she carried her money in. After this, he forced her back to the bedroom and raped her again. Then, he forced her back to the kitchen, picked up the telephones, the money, the piggy bank, two knives from her silverware drawer and asked Mrs. Eubanks to open the door. He threatened to kill her if she hollered or came after him. He left the house and went towards an electronics shop next door to Mrs. Eubanks' house. Mrs. Eubanks then went in search of help. A neighbor took her to the hospital.
We note at this point that Mr. Johnson was previously convicted in the Circuit Court of Neshoba County for the first rape of Mrs. Eubanks, which occurred some 15 minutes prior to the second rape the conviction of which is the subject of this appeal. The conviction and sentence of life imprisonment without parole for the first rape was affirmed by this Court in Johnson v. *811 State, 511 So.2d 1360 (Miss. 1987). Mr. Johnson is confined for life and cannot serve any more time, regardless of the outcome of this case. Our decision in Johnson I disposes of all the questions Mr. Johnson raises on this appeal, save one: that the trial court erred in failing to sustain appellant's objection and motion for mistrial when the state asked him about his conviction for the earlier rape of Mrs. Eubanks.
On direct examination Mr. Johnson testified that he had served seven years in the state penitentiary for convictions of armed robbery, forgery and grand larceny. On cross examination the state referred to his testimony about previous convictions, and then asked if he had been convicted of another felony. Mr. Johnson responded, "Recently, on this charge." Defense counsel objected and moved for a mistrial. The court overruled the objection and the motion. The state then asked if he had been convicted in October of 1985 for rape, to which he replied, "yes, sir."
This is a heinous, egregious crime and we are loathe to reverse in such a case. But as we noted above, Mr. Johnson has already received the maximum sentence he can receive under the law, short of the death penalty. We, therefore, take this opportunity, since this sentence overlays the other, to address a problem with the system. We reverse for the reasons which follow.
This case was tried in March 1986, after the adoption of the Mississippi Rules of Evidence, effective January 1, 1986; therefore, M.R.E. 609 controls here. M.R.E. 609(a) provides as follows:
RULE 609. IMPEACHMENT BY EVIDENCE OF CONVICTION OF CRIME.
(a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect on a party or (2) involved dishonesty or false statement, regardless of the punishment.
Under M.R.E. 609(a)(1) and 609(b), evidence that Mr. Johnson had been convicted of the felony of rape, elicited from him on cross examination, would be admissible for impeachment purposes if the probative value of the evidence outweighed the prejudicial effect. Rape is a felony and this conviction fits within the time limit of ten years set out in 609(b). Pendency on appeal to this Court would not render the evidence of the conviction inadmissible. M.R.E. 609(e). The question before this Court, then, is whether the prior conviction for the same crime for which defendant is being tried is so prejudicial that its admission for impeachment purposes amounts to reversible error.
The problem centers around the criminal defendant, here Mr. Johnson, who elects to take the witness stand in his own defense. As such, the criminal defendant is subject to being impeached under Rule 609 with evidence of prior convictions. In this situation the protection of Rule 609, that the evidence must be determined by the trial judge to be more probative of the defendant's credibility than prejudicial, becomes crucial. See McCormick on Evidence (Edward W. Cleary, 3rd Ed., 1984), § 43, n. 9. Rule 609(a)(1)[1] requires that the trial judge must determine whether the probative value of admitting a prior conviction outweighs the prejudicial effect. Here, no such determination was made by the trial judge and the issue is whether or not the determination must be made on the record. In United States v. Preston, 608 F.2d 626 (5th Cir.1979), the Fifth Circuit was faced with a situation where the trial judge, in ruling on the admissibility of a *812 prior conviction for impeachment purposes, made no on-the-record findings that the probative value of the evidence outweighed the prejudicial effect. The Fifth Circuit held that a trial judge must make such findings on the record before admitting prior convictions under 609(a)(1). Id. at 639. The Fifth Circuit went on to say that "[f]ailure to make such a determination robs a defendant of the rule's protection." Id. at 640.
We likewise hold today that the trial judge must make his determination that the probative value outweighs the prejudicial effect of the evidence on the record. We further hold that the trial judge should articulate his reasons for his finding. This process should take place, of course, out of the hearing of the jury. What the trial judge must consider when making this determination has been considered in several federal cases when faced with a Rule 609 problem.
In United States v. Mahone, 537 F.2d 922 (7th Cir.1976), the Seventh Circuit set out several factors which the judge should take into account, as earlier articulated in a pre-Rules case, Gordon v. United States, 383 F.2d 936 (D.C. Cir.1967):
1. Impeachment value of the crime.
2. The point in time of the conviction and the witness's subsequent history.
3. The similarity of the past crime and the charged crime.
4. The importance of the defendant's testimony.
5. The centrality of the credibility issue.
Id. at 929. Where the state wishes to admit the prior conviction, the court points out that the state has the burden of proving the circumstances of the prior conviction in showing why it should be admitted to attack credibility. Id.
We offer these considerations as guidance for trial judges when they set about weighing probative value and prejudicial effect of prior convictions offered for impeachment purposes. We offer them also as a framework for articulating their determinations on the record. With the determination as to probative value and prejudicial effect articulated on the record, this Court can more easily ascertain whether or not the trial judge has abused his discretion in granting or denying admissibility of prior convictions for impeachment purposes, should such determination be challenged on appeal.
Applying the Mahone considerations to this case, the first consideration, the impeachment value of the crime, weighs against admissibility. In Gordon, 383 F.2d at 940, the D.C. Circuit expressed the "rule of thumb" that convictions which do not relate to credibility, i.e., deceit, fraud, cheating, generally have little probative value for impeachment purposes. Here, the prior conviction of rape has little bearing on the defendant's veracity.
The second consideration is nearness or remoteness in time to the prior conviction and the present charge. The nearer in time, the more probative. Gordon at 940. However, if the prior conviction does not bear on veracity, the nearness in time is of little import. Here, Mr. Johnson's prior conviction of rape was only five months prior to this trial, but, again, the conviction of rape bears little relation to veracity.
The third consideration, similarity of the prior conviction to the present charge, in Mr. Johnson's case, weighs heavily toward being prejudicial. The prior conviction was for the exact same type of crime. As the court in Gordon stated, there are "strong reasons ... for excluding those [convictions] which are for the same crime because of the inevitable pressure on lay jurors to believe that `if he did it before he probably did so this time.'" Id. at 940. When tied to the last two considerations, importance of the defendant's testimony and centrality of the credibility issue, the similarity of the prior conviction to the present crime charged in this case becomes extremely prejudicial. Mr. Johnson's testimony was the only direct evidence in his defense. His credibility as a witness was a key factor to be weighed by the jury. Under such circumstances, it was highly prejudicial to admit the prior conviction of rape for impeachment purposes. There is no *813 counterveiling probative value to be gained from such evidence.
Under M.R.E. 609, Mr. Johnson's prior conviction of rape should have been kept out of evidence. The defendant's only defense was alibi. It was already established in the record by testimony of the victim, however inadvertent, that the defendant had raped her on the same night some 15 minutes earlier for which he was convicted and sentenced to life without parole and affirmed by this Court on August 5, 1987. If alibi is his only defense, the prior conviction puts his alibi testimony in direct conflict to the finding of another jury. His testimony is thus futile and his trial nothing more than idle ceremony.
This indictment was separate from the indictment for the earlier rape. We must assure a fair trial on this indictment. The protections of M.R.E. 609 are crucial here to assure a fair trial for this crime, not another. The defendant was on trial because of this charge, not because he has a criminal record. In this case, the very fact that the prior conviction was admitted convicts him because he has already been deemed guilty by another jury. Therefore, we reverse and remand for a new trial consistent with this opinion.
We are aware that this is a departure from our previous law. However, this Court has passed upon the rationale of the problem focused upon here in pre-Rules cases. In McCray v. State, 293 So.2d 807 (Miss. 1974), this Court spoke to the issue of allowing into evidence the conviction of a co-indictee. This Court held that where two or more persons are jointly indicted but tried separately, the conviction of one of them is not competent evidence at the trial of the other. Id. at 808. The underlying rationale was stated, thus:
The jury was placed in the untenable position of pitting its prospective verdict against a guilty verdict previously entered by another jury carrying with it the court's approval by way of the judgment and sentence.
Id. at 809. See also Buckley v. State, 223 So.2d 524 (Miss. 1969). We recognize that there will be many instances where the probative value of a prior conviction used for impeachment purposes will outweigh its prejudicial effect. However, McCray's rationale is why we require today that the trial judge, with his experience and wisdom, weigh the probative value against the prejudicial effect of such evidence and articulate his findings on the record  to assure a fair trial to a person with a prior criminal record.[2]
REVERSED AND REMANDED FOR NEW TRIAL.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
NOTES
[1] We point out that the subsequent analysis under 609(a)(1) does not apply to 609(a)(2). If the prior conviction involved dishonesty or false statement, it is admissible regardless of the punishment. The admissibility of such a prior conviction is not discretionary with the trial judge because it is probative of the credibility of the witness.
[2] Since this opinion was written, this Court has handed down three other opinions which hold as we do today on this issue. See Peterson v. State, 518 So.2d 632 (Miss. 1987) (Sullivan, J.); Ivy v. State, 522 So.2d 740 (Miss. 1988) (Sullivan, J.); McInnis v. State, 527 So.2d 84 (1988) (Robertson, J.).