536 So.2d 10 (1988)
John Michael SIGNER
v.
STATE of Mississippi.
No. 58051.
Supreme Court of Mississippi.
December 7, 1988.
Paul R. Scott, Wilroy & Scott, Hernando, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by John R. Henry, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and ANDERSON and ZUCCARO, JJ.
ZUCCARO, Justice, for the Court:

STATEMENT OF THE CASE
This appeal is from John Michael Signer's conviction in the Circuit Court of DeSoto County on a charge of sexual battery. We reverse and remand for a new trial because of a violation of Rule 609(a) of the Mississippi Rules of Evidence.

FACTS
On November 13, 1985, the appellant John Michael Signer was indicted by the DeSoto County Grand Jury on a charge of sexual battery. Signer's trial began on February 18, 1986. At trial, Signer filed a motion in limine to preclude the State from offering, for impeachment purposes, evidence of his prior convictions. The trial court overruled Signer's motion in limine, and also overruled Signer's objection to the introduction of this evidence when he later took the stand in his own defense. Subsequently, the jury found Signer guilty of *11 sexual battery under Miss. Code Ann. § 97-3-95 (Supp. 1985). On April 11, 1986, Signer was sentenced to twenty years in the custody of the Mississippi Department of Corrections. Signer has perfected this appeal and specifies two assignments of error, only one of which requires discussion.

DID THE TRIAL COURT ERR IN OVERRULING APPELLANT'S MOTION IN LIMINE TO PRECLUDE THE STATE FROM OFFERING, FOR IMPEACHMENT PURPOSES, PROOF OF SIGNER'S PRIOR CONVICTIONS AND IN OVERRULING SIGNER'S OBJECTIONS TO THE INTRODUCTION OF THIS EVIDENCE?
The appellant had been convicted in United States District Court for the Western District of Tennessee on February 25, 1977, of the crimes of bank robbery, assault with a dangerous weapon in the commission of bank robbery, and unlawful use of a firearm in the commission of a felony. Signer, who at the time of his convictions was only nineteen years old, had been sentenced under § 5010(b) of the Federal Youth Corrections Act, 18 U.S.C. §§ 5005 et seq. (repealed October 1984). The court's sentencing order committed Signer to the custody of the Attorney General "until discharged by the United States Parole Commission as provided in 18 U.S.C. § 5017." Section 5017(c) provided that "[a] youth offender committed under section 5010(b) ... shall be discharged unconditionally on or before six years from the date of his conviction." (Emphasis added).
Furthermore, § 5021(a) of the Youth Corrections Act provided:
Upon the unconditional discharge by the Commission of a committed youth offender before the expiration of the maximum sentence imposed upon him, the conviction shall be automatically set aside and the Commission shall issue to the youth offender a certificate to that effect.
(Emphasis added).
In support of his motion in limine to preclude the State from offering evidence of his prior convictions, Signer argued that under the provisions of the Youth Corrections Act, those convictions had been expunged. If Signer's prior convictions had been expunged, they indeed would have been inadmissible, as Rule 609(c) of the Mississippi Rules of Evidence prohibits the admission of evidence of a prior conviction if the conviction has been the subject of a pardon, annulment, expungement, or certificate of rehabilitation. However, Signer presented no proof that his prior convictions had been expunged. Instead, he argued that under §§ 5017(c) and 5021(a) of the Youth Corrections Act, his convictions were automatically expunged six years from the date of his conviction. See United States v. Arrington, 618 F.2d 1119 (5th Cir.1980), cert. denied, 449 U.S. 1086, 101 S.Ct. 876, 66 L.Ed.2d 812 (1981).
The trial judge denied Signer's motion in limine, finding that an offender sentenced under the Youth Corrections Act would receive an automatic set-aside only if he were unconditionally released prior to the expiration of the maximum sentence allowed under § 5017(c). The judge's finding in this regard comports with the ruling of the United States Supreme Court in Tuten v. United States, 460 U.S. 660, 103 S.Ct. 1412, 75 L.Ed.2d 359 (1983). In Tuten, the question before the Court was whether a conviction upon which a youth offender was sentenced to probation under the Youth Corrections Act was automatically set aside after the offender had served his full term of probation. The Supreme Court held that the plain language of the Youth Corrections Act required a finding that where an offender is not unconditionally discharged from probation or parole prior to completion of the maximum term to which he was sentenced, but instead completes the full term of his sentence, his conviction is not set aside under 18 U.S.C. § 5021. Although the sentence in question in Tuten involved only probation, while the sentence in the instant case involved the appellant's commitment to the custody of the Attorney General, we believe that Tuten would control the instant case had the appellant been required to complete the maximum six-year term allowed under *12 § 5017(c). At the time of the motion in limine, the information available to the trial court indicated that Signer had served a full six-year term; based on this information, the trial judge's ruling was correct as to the application of Rule 609(c). However, the appellant actually had been unconditionally discharged from supervision prior to the expiration of the term of his sentence. He had, in fact, been issued a Certificate of Early Termination. The "Final Disposition Report" from his file showed that his conviction was set aside on March 12, 1982, and reflected a court-ordered expungement. It was not until the sentencing hearing held approximately two months after Signer's trial, however, that the trial court was presented with proof that Signer's convictions had been set aside.
Had the trial judge known at the time of the motion in limine that Signer's convictions had been set aside, admission of the convictions clearly would have been a violation of Rule of Evidence 609(c). The judge, however, was not presented with proof by either side that Signer's convictions had been set aside. There is a split of authority as to whether it is the prosecutor or the defendant who should bear the burden of providing the trial court with the subsequent history of a defendant's convictions under the Youth Corrections Act. See, e.g., United States v. Arrington, 618 F.2d 1119, 1125 (5th Cir.1980), cert. denied, 449 U.S. 1086, 101 S.Ct. 876, 66 L.Ed.2d 812 (1981) ("[P]lacing on [the defendant] the burden of proving his conviction's expunction would be analogous to placing upon a person never before convicted the burden of proving his clear record"). But see United States v. Trejo-Zambrano, 582 F.2d 460, 465 (9th Cir.1978), cert. denied, 439 U.S. 1005, 99 S.Ct. 618, 58 L.Ed.2d 682 (1978) (The prosecutor has no duty to provide the subsequent history of a conviction). We need not reach the question of who had the burden of proof in the instant case, however, as we invoke the "plain error" rule to reverse and remand on another ground, not raised on appeal. Rule 28(a)(3) of the Mississippi Supreme Court Rules provides that this Court "may, at its option, notice a plain error not identified or distinctly specified." See State Highway Commission v. McDonald's Corporation, 509 So.2d 856, 860 (Miss. 1987); Johnson v. State, 452 So.2d 850, 853 (Miss. 1984). See also Read v. Southern Pine Electric Power Association, 515 So.2d 916, 921 (Miss. 1987); Adams v. Green, 474 So.2d 577, 584 (Miss. 1985); Miss.Rule of Evid. 103(d). We, therefore, notice as plain error that the trial judge in the instant case failed to make a threshold finding, as required under Miss.Rule of Evid. 609(a)(1), that the probative value of admitting evidence of the appellant's prior convictions outweighed the prejudicial effect on the appellant.
Rule 609(a) provides as follows:
For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime 1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect on a party or 2) involved dishonesty or false statement, regardless of the punishment.
(Emphasis added). Under Rule 609(a)(1), evidence of a testifying defendant's prior felony convictions are admissible for impeachment purposes (subject to the exceptions in 609(b)-609(d)) if the probative value of this evidence outweighs its prejudicial effect; however, we have recently held, in a line of cases, that before admitting evidence of prior crimes not involving dishonesty or false statement, the trial judge must make an on-the-record determination that the probative value of the evidence outweighs its prejudicial effect. Johnson v. State, 525 So.2d 809, 812 (Miss. 1988); McInnis v. State, 527 So.2d 84, 87 (Miss. 1988); Ivy v. State, 522 So.2d 740, 744 (Miss. 1988); Peterson v. State, 518 So.2d 632, 636 (Miss. 1987). See also Johnson v. State, 529 So.2d 577 (Miss. 1988). We have also held that the trial judge should articulate his reasons for his finding. Johnson *13 v. State, 525 So.2d 809, 812 (Miss. 1988). Where the evidence of such prior convictions is manifestly prejudicial to the defendant, failure of the trial judge to make such a determination on the record requires that a case be reversed and remanded for a new trial. Ivy v. State, 522 So.2d 740, 744 (Miss. 1988); Peterson v. State, 518 So.2d 632, 638 (Miss. 1987). See Johnson v. State, 525 So.2d 809 (Miss. 1988); McInnis v. State, 527 So.2d 84 (Miss. 1988).
There is no question but that the appellant in the instant case was prejudiced by the admission into evidence of his prior convictions. (Besides asking Signer about his prior convictions at the beginning of cross-examination, the State's attorney also asked toward the end of his questioning: "Well, are you proud of yourself for being a bank robber?") There is no showing in the record of any countervailing probative value to offset this prejudice. As Justice Robertson stated in McInnis v. State, 527 So.2d 84, 88 (Miss. 1988): "[U]ntil [a] prima facie showing [that the prior conviction has probative value] is made by the prosecution, there is nothing for the Circuit Court to balance or weigh against the prejudicial effect." Under the circumstances, we must reverse Signer's conviction and remand for a new trial.
We wish to point out that the learned trial judge in the case sub judice did not have the benefit of our decisions construing Miss.Rule of Evid. 609(a), since this case was tried shortly after the Rules of Evidence went into effect on January 1, 1986. For the future benefit of the trial court, we suggest that in weighing the probative value of a witness' convictions against the prejudicial effect of their admission, the following factors, set out in Peterson v. State, 518 So.2d 632 (Miss. 1987), should be considered:
(1) The impeachment value of the prior crime.
(2) The point in time of the conviction and the witness' subsequent history.
(3) The similarity between the past crime and the charged crime.
(4) The importance of the defendant's testimony.
(5) The centrality of the credibility issue.
Peterson, 518 So.2d at 636, citing Gordon v. United States, 383 F.2d 936, 940 (D.C. Cir.1967) and 3 J. Weinstein, Evidence paragraph 609(04) (1987).
We note that on retrial of the case sub judice, the trial court will have before it proof of the expungement of the appellant's prior convictions. So, regardless of the trial judge's findings as to the probative value of the convictions versus their prejudicial effect, the evidence of those convictions will be excluded under Miss. Rule of Evid. 609(c).
The judgment of the trial court is reversed, and the case is remanded for a new trial.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
GRIFFIN, J., not participating.