562 So.2d 121 (1990)
Michael Paul ROWE
v.
STATE of Mississippi.
No. 07-KA-59557.
Supreme Court of Mississippi.
May 30, 1990.
V.T. Vallas, Jackson, for appellant.
*122 Mike C. Moore, Atty. Gen., Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and BLASS, JJ.
BLASS, Justice, for the Court:
Michael Paul Rowe was charged in a two-count indictment with armed robbery, Miss. Code Ann. § 97-3-79 (1972); and burglary of an inhabited dwelling, Miss. Code Ann. § 97-17-21 (1972), based on an incident which occurred on October 28, 1987, at the apartment of Patricia Dulaney. Rowe was found guilty of the burglary, on March 22, 1988.[1] The trial court entered a mistrial on the armed robbery charge. Rowe was retried and found guilty of armed robbery, on May 25, 1988, and was sentenced to 20 years in the custody of Mississippi Department of Corrections. From the armed robbery conviction and sentence, Rowe appeals assigning as error the decision of the lower court allowing evidence of prior convictions. Finding no error, we affirm the conviction and sentence.

I.
The victim, Patricia Dulaney, fell asleep while alone in her apartment on October 27, 1988. She awoke to find Michael Rowe in her apartment. He solicited a contribution to a fictitious charity. Dulaney refused. Rowe then asked for and was given a glass of water. Subsequently, Rowe attacked Dulaney with a weapon, forced her onto her bed, and demanded money. Dulaney gave Rowe $1.25. Rowe did not leave immediately, but attacked Dulaney again. She fought him off and screamed, after which Rowe left the apartment.
Rowe's fingerprints were lifted from the water glass. Rowe admitted being in Dulaney's apartment, but claimed that his presence was by invitation, in response to his knock. He denied any robbery.

II.

DID THE TRIAL COURT ERR IN ALLOWING EVIDENCE OF ROWE'S PRIOR CONVICTION?
In 1984 Rowe was convicted of armed robbery. Before trial, Rowe filed a motion in limine to exclude evidence of prior convictions. Rowe cited Miss.R.Evid. 609[2] and Peterson v. State, 518 So.2d 632 (Miss. 1987). The court took this motion under advisement. See McInnis v. State, 527 So.2d 84 (Miss. 1988).
Dulaney testified that Rowe had attacked her with a sharp metal object, approximately six to eight inches long. Rowe testified in his own behalf. He stated that he had knocked at Dulaney's door and was invited into the apartment. He admitted soliciting for a fictitious charity, but denied attacking Dulaney. His version of the incident was that Dulaney had attacked him in an attempt to force him out of the apartment, and he only fought her off. On cross-examination the state never raised the issue of past convictions. On re-direct, Rowe was asked the following:
Q. Michael, if you had taken some money from somebody according to the lie you were telling them about the charity, in your mind you would not have hurt them, would you?
A. No, sir.

*123 Q. Would you have hurt anybody to get money?
A. No, Sir.
After these questions, the prosecution requested and obtained a bench conference, out of the hearing of the jury. The prosecutor argued that Rowe, by presenting himself as a person who would not harm another, had opened the door to evidence of prior conduct involving violence in obtaining money; and the state was entitled to present evidence of prior convictions involving the use of violent acts to obtain money. The trial court then overruled defendant's motion to exclude evidence of Rowe's guilty plea and conviction of attempted strong armed robbery in January, 1984.
Rowe argues that his testimony on re-direct was merely a denial of the crime, and did not place his character and credibility in issue to the point of opening the door to allow the introduction of evidence of prior convictions.
Three issues were raised by the dialogue quoted above: Rowe's credibility[3]; his predisposition for peaceableness or violence; and whether or not he actually committed the crime. Rowe's credibility was not the primary issue. Rowe admitted that he would lie to obtain money when he testified that he had solicited funds for a fictitious charity, but denied having the predisposition to threaten or hurt anyone to obtain money. In essence, he was asking the jury to find that he would not have threatened Dulaney, but had only attempted to deceive her. This raised the issue of Rowe's character or predisposition for peaceableness or violence. See Gordon v. U.S., 383 F.2d 936, 940 (D.C. Cir.1967).
The defendant in a criminal case may offer his good character to evidence the improbability of his doing the act charged. Miss.R.Evid. 404(a)(1); IA Wigmore, Evidence § 56 (Tillers rev. 1983). Rowe offered this evidence when he stated that he would[4] not hurt anyone in order to obtain money. The prosecution may then offer evidence of a pertinent trait to rebut the same. Miss.R.Evid. 404(a)(1).
The prosecution may not offer evidence of the accused's character unless and until the accused has raised the issue by offering evidence of his good character. If and when the accused has raised the issue of his character, the prosecution may then offer evidence of the accused's bad character.
The defendant does not put his character in issue by taking the stand as a witness, * * * If the defendant testifies as a witness, his credibility as a witness may be attacked. * * * A defendant's character is put in issue when he states that he has a good character or a good record, or when he otherwise offers evidence of good character. (emphasis added)
1 Wharton's Criminal Evidence § 169 (1985).
Robbery is a crime of violence by definition. Miss. Code Ann. § 97-3-73 (1972). The fact that Rowe pled guilty to this crime is probative of his character for peaceableness or violence. See IA Wigmore, Evidence § 55.1 (Tillers rev. 1983).
Until Rowe testified that he would not hurt another to obtain money, the admissibility of evidence of prior crimes was subject to the limitations imposed by Miss.R. Evid. 609 and the case law interpreting that rule. However, when Rowe injected his character for peaceableness or violence into the trial, the prosecution was entitled to rebut Rowe's protestations that he was not prone to violence. The prosecution was properly allowed to challenge the truthfulness of Rowe's statement that he would not threaten anyone by showing that in the past he had done exactly what he said he would not do.
The evidence of prior convictions was properly admitted. The conviction and sentence are affirmed.
AFFIRMED.
*124 ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.
DAN M. LEE, P.J., concurs in result only.
NOTES
[1] The appeal of this conviction is presently before this court, No. 59221 assigned to Judge Prather, reversed due to impermissible inquiry into the details of the prior convictions.
[2] Miss.R.E. 609(a) states:

For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect on a party or (2) involved dishonesty or false statement, regardless of the punishment. (emphasis added)
The comment states:
Under 609(a) crimes are divided into two categories for purposes of impeachment: (1) felonies, provided the court determines that the probative value of admitting evidence of the crime outweighs its prejudicial effect, or (2) crimes involving dishonesty or false statement, whether felonies or misdemeanors.
[3] The issue of a witness' character relating to veracity requires the court to use Miss.R.Evid. 609. See Hawkins v. State, 538 So.2d 1204, 1206 (Miss. 1989); Signer v. State, 536 So.2d 10 (Miss. 1988). Johnson v. State, 525 So.2d 809, 811 (Miss. 1988).
[4] "Would" is defined as, "A word sometimes expressing what might be expected or preferred or desired." Black's Law Dictionary 1441 (5th ed. 1979).