592 So.2d 522 (1991)
Billy Ray JORDAN
v.
STATE of Mississippi.
No. 89-KA-0171.
Supreme Court of Mississippi.
December 31, 1991.
Jeffrey A. Varas, Hazlehurst, for appellant.
Mike C. Moore, Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
Billy Ray Jordan was indicted, tried and convicted in Copiah County, Mississippi, for armed robbery and sentenced by the jury to life imprisonment.
*523 Jordan assigns seven errors, only one of which merits discussion.
THE TRIAL COURT ERRED BY DENYING THE DEFENDANT'S MOTION IN LIMINE TO PROHIBIT THE STATE FROM EXAMINING THE DEFENDANT ON HIS PRIOR CONVICTIONS FOR THE PURPOSES OF IMPEACHMENT AS THE PRIOR CONVICTIONS WERE MORE PREJUDICIAL THAN PROBATIVE AND THE COURT'S RULING HAD A CHILLING EFFECT UPON THE PRESENTATION OF THE DEFENDANT'S CASE.
Rule 609 of the Mississippi Rules of Evidence provides that the credibility of a witness may be attacked by evidence that he was convicted of a crime, if elicited from him during cross-examination, if the crime was punishable by death or more than one year imprisonment and if the court determines that the probative value outweighs its prejudicial effect, and if the conviction is not more than ten years old. M.R.E. 609(a) and (b). In response to the defendant's motion in limine on this matter, the trial judge determined that the prior convictions of the defendant were more probative than prejudicial because two were within nine years and the motion in limine was denied.
This Court has made it clear that the trial judge must consider certain factors when weighing the probative value of convictions not involving dishonesty or false statements against the prejudicial effect of their admission. McGee v. State, 569 So.2d 1191, 1195 (Miss. 1990); Signer v. State, 536 So.2d 10, 12 (Miss. 1988); Johnson v. State, 525 So.2d 809, 812 (Miss. 1988); Peterson v. State, 518 So.2d 632, 636-37 (Miss. 1987). These factors are (1) the impeachment value of the prior crime, (2) the point in time of the conviction and the witness' subsequent history, (3) the similarity between the past crime and the charged crime, (4) the importance of the defendant's testimony, and (5) the centrality of the credibility issue. Johnson, 525 So.2d at 812. The trial judge must make an on the record determination that the probative value of the evidence outweighs its prejudicial effect and he should articulate his reasons for this finding. Signer, 536 So.2d at 12, citing Johnson v. State, 525 So.2d at 812. Where this evidence is manifestly prejudicial to the defendant and the trial judge fails to make such a determination on the record, the case must be reversed and remanded for a new trial. Signer, 536 So.2d at 13, citing Ivy v. State, 522 So.2d 740, 744 (Miss. 1988); Peterson v. State, 518 So.2d at 638. See Johnson, 525 So.2d 809 and McInnis v. State, 527 So.2d 84 (Miss. 1988).
Applying these factors to this case, the first, impeachment value, weighs against admissibility of the defendant's prior convictions. Rape does not relate to credibility and has little bearing on the veracity of the defendant. The second factor, nearness to the present charge, also weighs against admissibility. The defendant's convictions were nine years old at the time of this trial. The third consideration, similarity of the prior conviction to the present charge, weighs toward being prejudicial. The defendant was on trial for armed robbery; evidence was admitted that the person who robbed the victim also raped her. That the defendant was previously convicted of rape might cause the jurors to believe that he "probably did so this time." Johnson, at 812, citing Gordon v. United States, 383 F.2d 936, 940 (D.C. Cir.1967), cert. denied 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287. The fourth consideration, importance of the defendant's testimony, also weighs against admissibility of prior convictions. The defendant was one of only two people who could establish his defense of alibi. "Rule 609(a)(1) aids in the search for truth by insuring that important testimony from the defendant will not be excluded because he fears the prejudicial effect his previous conviction might have on the jury." Peterson, 518 So.2d at 637.
In this instance, exactly the opposite was true  the defendant did not testify in his own behalf because he feared the prejudicial effect his previous convictions might have on the jury. Finally, as the defendant's alibi defense depends heavily upon his own credibility, the evidence bearing on *524 his credibility is important. The importance of the defendant's credibility weighs in favor of admissibility of the prior convictions, but only to the extent that his prior convictions reflect adversely on his credibility. Here the prior convictions have little or no bearing on veracity or credibility.
In this context the prejudicial effect of the defendant's prior convictions outweigh their probative value. The defendant was manifestly prejudiced because his own testimony in support of his alibi defense was kept from the jury by his fear of the prejudicial effect of his prior convictions. There is no showing in the record of any countervailing probative value to offset this prejudice. Signer, 536 So.2d at 13. "[U]ntil [a] prima facie showing [of probative value] is made by the prosecution, there is nothing for the Circuit Court to balance or weigh against the prejudicial effect." McInnis, 527 So.2d at 88.
We therefore determine that the trial court committed reversible error when it did not properly weigh the factors under M.R.E., Rule 609(a) and (b), and we find that this assignment has merit. We, therefore, reverse and remand this case to the Circuit Court of Copiah County, Mississippi.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.J., and PRATHER, ROBERTSON, PITTMAN, BANKS and McRAE, JJ., concur.