604 So.2d 306 (1992)
James M. JOHNSON
v.
Robert R. FARGO.
No. 89-CA-0469.
Supreme Court of Mississippi.
June 24, 1992.
*307 Albert S. Johnston, III, Henry P. Pate, III, Pascagoula, for appellant.
John A. Banahan, Ernest R. Schroeder, C. Michael Lanford, Bryan Nelson Allen Schroeder & Backstrom, Pascagoula, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and SULLIVAN, JJ.
PRATHER, Justice, for the Court:

I. INTRODUCTION
The primary issue on appeal in this personal-injury case concerns the unexpected and inadmissible impeachment testimony from the plaintiff-appellant, James Johnson, during cross-examination. In view of the prejudicial nature of the testimony, this Court reverses and remands for a new trial solely on the assessment of damages.

Facts
Appellant Johnson, 49 years old, dropped out of the fifth grade in order to help support his family when his father died. He can sign his name, count, and has achieved seniority as a longshoreman, but is semi-literate.
Uncontrovertedly, Robert Fargo caused a vehicular collision with Johnson on the afternoon of May 22, 1986. Since the accident, Johnson has not worked. His pre-accident employer stated that he considers Johnson unemployable. Johnson filed a personal injury complaint against Robert R. Fargo. At trial, during defense cross-examination of Johnson, the following exchange took place:
Q: James, have you ever been convicted of a felony?
A: I sure have.
Q: What was it?
A: First-degree murder. And they charged me  I don't know what that has to do with this accident. In 1966 I was trying to stop a fight 
THE COURT:  Wait a minute. Now, wait 
JOHNSON:  Let me go 
DEFENSE COUNSEL:  Judge, I didn't know about that one.
THE COURT: You have asked him if he has ever been convicted and he said he had. Now, that's as far as you can go.
DEFENSE COUNSEL: I thought I could ask him what it was.
THE COURT: No, you can't.
PLAINTIFF'S COUNSEL: We object to it, too.
THE COURT: He said he had. That is it.
THE WITNESS: I never had any 
THE COURT:  Wait a minute, now.
DEFENSE COUNSEL: Your Honor, could we argue this outside the presence of the jury?
THE COURT: Come up here.
After a bench conference, cross-examination continued.

*308 Q: James, have you been convicted of any other felonies?
A: Yes, sir.
Q: How many?
A: I never did no time or nothing 
Q:  Don't tell me what they were. Just tell me how many times.
A: I haven't been convicted of no other felony. And that was self-defense then.
DEFENSE COUNSEL: He has denied that, Judge.
THE COURT: I'm sorry. What was said?
DEFENSE COUNSEL: I asked him had he ever been convicted of any other felonies.
THE COURT: All right. Have you ever been convicted of any other felonies?
JOHNSON: No more than they caught me with a few marijuana cigarettes; that's all. If you want to call it that.
THE COURT: All right. What else you got?
DEFENSE COUNSEL: That's it, Judge.
THE COURT: Do any of y'all have anything in rebuttal?
PLAINTIFF'S COUNSEL: We rest.
The defense proffered that Johnson had pled guilty in 1984 to possession of a controlled substance with intent to distribute. Defense counsel stated, "The other one, Your Honor, we had no knowledge of and didn't really want to bring it up."
After a recess and out of the presence of the jury, plaintiff's counsel noted that a record search revealed no 1966 murder indictment. Further discussion ensued.
THE COURT: That was error, and I'm going to instruct the jury to disregard that.
... .
I honestly believe  of course, I don't think there was any objection or anything to that, but the prejudicial effect certainly outweighs the probative value of that. That should never have been brought out either. There is no question about that.
DEFENSE COUNSEL: Judge, to give the jury the impression that he wasn't convicted of that at this time, it implies that we lied to you.
THE COURT: No, I can't give an impression that he wasn't convicted of it. He was convicted of it, that's true. But it should never have been brought out in my opinion based upon the recent decision of our state supreme court.
DEFENSE COUNSEL: Your Honor, no objection was made.
After the court discussed the importance of objecting and allowing the court to adjudge the value of the evidence outside the jury's hearing, the discussion continued.
PLAINTIFF'S COUNSEL: Of course, the reason we didn't object to that  first of all, we were shocked slam out of our clothes with regard to the murder.
THE COURT: I know.
PLAINTIFF'S COUNSEL: And then when we were arguing about that, the other question was posed to the plaintiff, and the plaintiff was answering them just as fast as he was getting the questions. And the court and all the attorneys were in a turmoil at that time.
THE COURT: I know.
PLAINTIFF'S COUNSEL: We don't feel it connects with the accident in any matter and we would ask that it be excluded.
THE COURT: Well, I could tell the jury that, in my opinion, it has no bearing on this lawsuit and they should disregard it. That would in some way cure it. I don't know of anything else I could say.
... .
... [E]rror probably is already committed, and it will probably be grounds for a new trial. But in order to try to correct what I perceive to be an error, then I am going to make that statement: First that there has been no murder conviction; and second, that the marijuana charge and conviction is so remote and doesn't have anything to do with this lawsuit, and I feel like the jury should disregard that. Now, I don't know what else to say or do.
... .

*309 Do you want me to make that statement to the jury or not?
PLAINTIFF'S COUNSEL: We won't put you in error for making that statement, I can assure you. We may bring up the issue of their statement and their questions, but we won't put the court in error for making the statement to the jury.

THE COURT: You are not going to say that my making that statement is going to cure it either?

PLAINTIFF'S COUNSEL: I won't say it will cure it, but it won't be error.

THE COURT: I don't blame you there.

PLAINTIFF'S COUNSEL: Your Honor, one minor point related to that is, again, the argument has been made that the plaintiff's counsel failed to object when [defense counsel] asked the question about any additional convictions beyond the murder conviction. The plaintiff pretty much blurted out and we didn't have time to object.

THE COURT: I know that. I understand that. Let's go on [with] your motions.
(emphasis added). After the court heard motions, which it overruled, the defense rested without putting on any evidence. Before reading instructions to the jury, the court addressed the jury:
[L]et me state to you something that, in my judgment, was error and you should disregard it. When the plaintiff was on the stand testifying, you remember the question was asked him if he had ever been convicted of a crime. He mistakenly said he had been convicted of a murder case. That's wrong; he has not. So you should disregard that. And in response to the other case about the marijuana, I personally do not think that has any bearing upon the issues here in this lawsuit, and you should disregard that, also.
The court directed a verdict for Johnson on liability. The jury, as instructed, found for Johnson, but assessed his damages at zero dollars. Johnson moved for a new trial. As an alternative to a new trial, he asked the court for a judgment notwithstanding the verdict in an amount equalling past and future lost wages, medical expenses, and pain and suffering of two spinal surgeries.
During a hearing on the motions for new trial, the court expressed concern that Mississippi's procedural Rule 609 balancing had not been applied in the civil context in Mississippi. The court denied the motion for new trial or an additur and issued its written judgment granting no damages and assessing costs to the plaintiff and Johnson filed a notice of appeal.

II. ANALYSIS
Johnson alleges that Fargo committed reversible error when he asked a question about the plaintiff's prior convictions, improper in its subject matter and lacking a ruling on admissibility under Miss.R.Evid. 403 and 609(a). Johnson also contends that the trial court erred when it "failed to make the [Rule 609] determination before the questions were answered."

A. Did the defense counsel improperly prejudice the plaintiff in its cross-examination of the plaintiff?
A trial judge has the discretion to exclude irrelevant evidence. Mississippi's evidentiary Rule 401 states:
"Relevant Evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
Miss.R.Evid. 401. Rule 403 authorizes the exclusion of relevant evidence when its potential for prejudice outweighs it is probative value. Miss.R.Evid. 403.
Rule 609 applies to the cross-examination impeachment of a witness by evidence of conviction of a prior crime:
For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable *310 by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect on a party or (2) involved dishonesty or false statement, regardless of the punishment... .
Miss.R.Evid. 609(a) (emphasis added). A conviction more than ten years old may only be admitted if the court finds that its probative value outweighs the prejudicial effect. Miss.R.Evid. 609(b).
In the criminal context, this Court addressed the five factors that a trial judge should consider when weighing the probative value of the prior conviction against the prejudicial effect of its admission in the case of Peterson v. State, 518 So.2d 632, 636 (Miss. 1987) (citing Gordon v. United States, 383 F.2d 936, 940 (D.C. Cir.1967). Rule 609 balancing cannot come into play unless the proponent of evidence first meets "a threshold burden of establishing prima facie that the prior conviction has probative value." McInnis v. State, 527 So.2d 84, 88 (Miss. 1988). The court may admit evidence of the conviction only if its probative value bears on the witness's credibility. McInnis v. State, 527 So.2d at 89; Peterson, 518 So.2d at at 637.
Procedurally, the balancing requirements of 609(a)(1) require a court to make an on-the-record finding of admissibility. Johnson v. State, 529 So.2d 577, 587 (Miss. 1988); Peterson, 518 So.2d at 638. Our case law requires the trial judge to make an on-the-record ruling on admissibility prior to admission of evidence from the witness of a prior conviction. McInnis, 527 So.2d at 87; Peterson, 518 So.2d at 636.
While one of the factors articulated in Peterson applies only to criminal proceedings, the Peterson holding applies with equal force in the civil context. Mississippi's Rule 609 guards against prejudice to any party, and applies to witnesses in civil cases. Compare Miss.R.Evid. 609(a)(1) comment with Green v. Bock Laundry Mach. Co., 490 U.S. 504, 523-24, 109 S.Ct. 1981, 1991-92, 104 L.Ed.2d 557 (1989); see also S. Saltzburg & M. Martin, Federal Rules of Evidence Manual R. 609 at 635-36 (5th ed. 1990).
In this case, Johnson's response in which he revealed a non-existent murder conviction did not relate to an actual prior conviction; therefore, Rule 609 does not apply. Rule 401, regarding relevancy, does. Under the standard of Rule 401, the testimony bears no relevance or probative value whatsoever because it alleged an event that never happened. Thus, without any need to balance the testimony's value, the trial court found it wholly inadmissible.
Rule 609, however, does govern the impeachment value of Johnson's testimony of a prior conviction for marijuana possession. Under the rule, authorizing impeachment by evidence of conviction of a crime, Johnson's marijuana-conviction testimony provided no information to the jury about Johnson's credibility. The trial court correctly ruled the material inadmissible.[1]
Johnson properly alleges inadmissibility of the evidence in question. The question becomes, then, what action plaintiff's counsel *311 and the court should have taken in response to the inadmissible testimony.

B. Did the court appropriately address the inadmissible evidence and did plaintiff's counsel preserve the alleged errors for review?
When the jury has been exposed to inadmissible, prejudicial matter, counsel should object and the trial court should sustain the objection. If, despite the court's ruling, the objecting counsel considers the testimony prejudicial, counsel must ask the court to instruct the jury to disregard the objectionable testimony. Anderson v. Jaeger, 317 So.2d 902, 906-07 (Miss. 1975); cf. Miss.R.Evid. 103(a)(1) (timely objection necessary to preserve erroneous ruling on admission or exclusion of evidence). This Court assumes jurors follow the instructions given to them by the trial court. Parker v. Jones County Community Hosp., 549 So.2d 443, 445-46 (Miss. 1989).
If, however, counsel still considers the party's interests "irremediably prejudiced," then counsel must move for a mistrial. "Timely objections, followed by appropriate and timely motions, are necessary to preserve such points on appeal." Anderson, 317 So.2d at 906-07. Professor Weinstein's treatise, commenting on federal Rule 103, includes the observation: "[T]he initiative for raising and preserving error in the admission or exclusion of evidence lies with the party and not with the court... ." J.B. Weinstein & M.A. Bender, Weinstein's Evidence ¶ 103[01] (1991).
Under this Court's standard of review, however, the Court retains the inherent authority to notice error, despite trial counsel's failure to preserve the error. State Highway Com'n v. McDonalds Corp., 509 So.2d 856, 863 (Miss. 1987) (en banc) ("though a party may have waived its right to assert error, this Court has the inherent power to notice it to prevent a manifest miscarriage of justice"); see also Johnson v. State, 452 So.2d 850, 853 (Miss. 1984); cf. Miss.R.Evid. 103(d) (Supreme Court may notice plain errors that affect substantial rights). The Fifth Circuit Court of Appeals addressed this aspect of appellate authority in Edwards v. Sears, Roebuck and Co., 512 F.2d 276 (5th Cir. [Miss.] 1975), in the context of improper closing argument:
[Counsel accused of improper argument] maintain[s] that since much of the argument was not objected to, this court cannot consider the error on appeal. This misconstrues the court's prerogatives on review  we always possess the power to consider errors to which no objection was made. But a healthy regard for the necessity and desirability of having errors corrected at trial rather than on appeal leads us to exercise that power only in exceptional cases where the interest of substantial justice is at stake... . We believe the error in final argument was of such magnitude, however, particularly in the circumstances of this case, as to have seriously prejudiced defendants' right to a fair trial, and the error must be corrected and a new trial required even in the absence of timely objection... . The present case .. . requires that we give cognizance to appellants' contention in order to avoid a miscarriage of justice.
512 F.2d at 286 (citations omitted) (citing Hormel v. Helvering, 312 U.S. 552, 557, 61 S.Ct. 719, 721, 85 L.Ed. 1037 (1941) and Fed.R.Civ.P. 61); see also Colburn v. Bunge Towing, Inc., 883 F.2d 372, 375 (5th Cir. [Miss.] 1989). In Edwards, the circuit court observed, where a jury correctly decides the issue of liability but proves to have rendered a damage award tainted by prejudice, the reviewing court may appropriately remand for a new trial on damages alone. 512 F.2d at 282-83.
Further, the facts of this case may be distinguished from those cases in which the Court has held the appellant accountable for having failed to move for a mistrial. In South Central Bell Co. v. Parker, 491 So.2d 212, 215 (Miss. 1986) and West Cash and Carry Bldg. Materials v. Palumbo, 371 So.2d 873, 875-76 (Miss. 1979), for example, the Court was able to make such a ruling against the backdrop of the fact that the Court did not find the prejudice alleged *312 by the appellant. And in terms of the policy articulated in Anderson v. Jaeger, the facts here do not represent a situation in which the appellant raises the issue of prejudice for the first time on appeal.
Here, Johnson should have moved for a mistrial. But under this state's law, notwithstanding Johnson's failure to preserve the point for review, this Court may notice error that would result in a miscarriage of justice. Such an error occurred here.
In the instant case, the appellant and the trial court discussed the prejudice at some length, with the trial court fully acknowledging the probable damaging effect of the inadmissible testimony. The attorneys in this case found themselves caught up in fast-moving testimony. All parties recognized the unexpectedness of the witness's blurted answers. Given the record reflecting highly inflammatory and inadmissible testimony, the speedy unfolding of events during which a motion for mistrial should have been made, and the trial court's recognition of error, this case represents a miscarriage of justice. The Court affirms on the granting of the peremptory instruction on liability of the defendant, but reverses and remands for retrial on the issue of damages only.
AFFIRMED ON LIABILITY; REVERSED AND REMANDED FOR NEW TRIAL ON DAMAGES ONLY.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
NOTES
[1] The court explained to the defense counsel:

[W]hen you asked the question, an objection should have been made, then the jury should have been excused. And then the court is supposed to go into detail into the alleged crime. And if the crime was committed within the last ten years, then the court has to make an additional finding as to whether or not the prejudicial effect outweighs the probative value of letting the jury know about that conviction. And we are supposed to make a finding. And unless the crime is of the same nature as what this lawsuit is about  for instance, if he was being tried for rape today or this suit was based upon sexual abuse or something like that, and he was convicted of a similar sex crime within the past ten years, I might make a decision ... that there was a substantive value in letting that in.
(emphasis added).
In contrast, our law holds that when a prior crime particularly resembles the one at hand, the similarity of crimes introduces a significant risk of prejudice. Johnson v. State, 525 So.2d 809, 812 (Miss. 1988) (citing the test of United States v. Mahone, 537 F.2d 922, 929 (7th Cir.1976), cert. denied, 429 U.S. 1025, 97 S.Ct. 646, 50 L.Ed.2d 627). Thus, for impeachment purposes, similar crimes typically should not be admitted unless they bear on credibility.