Deric Johnson was convicted of distribution of cocaine and sentenced to ten years in the custody of the Mississippi Department of Corrections. Prior to his trial, the circuit judge overruled Johnson's motion in limine to exclude evidence of his prior conviction. The judge noted that if Johnson took the stand and the State thereafter wished to question him regarding his prior conviction, a determination of admissibility would then be made, outside the presence of the jury. At trial, Johnson testified in his own behalf; the State presented evidence, over Johnson's objections, of his prior conviction.
Johnson subsequently perfected an appeal to this Court, requesting review of the following issues inter alia:
 A. Whether the trial court erred in admitting evidence of Johnson's prior conviction after failing to follow the proper analysis under Rule 609 of the Mississippi Rules of Evidence.
 B. Whether the trial court erred in failing to require the State to make a prima facie showing of the probative value of Johnson's prior conviction.
In my opinion, Johnson's issues requires reversal and remand; therefore, I dissent.
 II. ANALYSIS
As Johnson's prior conviction of distribution of cocaine is not in the nature of crimen falsi, it has no intrinsic probative value and is not mandatorily admissible pursuant to M.R.E. 609(a)(2). Pursuant to M.R.E. 609(a)(1), a prima facie showing "that the conduct giving rise to the prior conviction . . . bears upon the witness' propensity for truthfulness" is necessary before the prior conviction may be admitted to impeach. Tillmanv. State, 606 So.2d 1103, 1107 (Miss. 1992). Put otherwise, for a prior conviction to be admissible it must be relevant to the defendant's credibility as a witness. Johnston v. State,618 So.2d 90, 93-94 (Miss. 1993), citing McInnis v. State,527 So.2d 84, 89 (Miss. 1988). The majority opinion acknowledges this failure. Maj. op. at page 502.
Once the State has met its threshold burden of establishingprima facie that the defendant's prior conviction is relevant to his propensity for truthfulness, the trial court must make an on-the-record determination that this probative value outweighs the prejudicial effect of the prior conviction. M.R.E. 609(a)(1), Comment; Tillman v. State, 606 So.2d at 1107; Johnson v.Fargo, 604 So.2d 306, 310 (Miss. 1992); McInnis v. State,527 So.2d 84 (Miss. 1988); Peterson v. State, 518 So.2d 632 (Miss. 1987). This entails an on-the-record balancing of the fivePeterson factors: (1) impeachment value of the prior *Page 506 
offense; (2) date of the prior conviction; (3) similarity between the past and presently charged offenses; (4) importance of defendant's testimony; and (5) whether credibility is central.Townsend v. State, 605 So.2d 767, 770 (Miss. 1992), citingPugh v. State, 584 So.2d 781, 785 (Miss. 1991); McGee v.State, 569 So.2d 1191, 1195 (Miss. 1990); McInnis v. State,527 So.2d 84 (Miss. 1988); Johnson v. State, 525 So.2d 809
(Miss. 1988); Peterson v. State, 518 So.2d 632 (Miss. 1987).
The State made no attempt to establish that the conduct giving rise to Johnson's prior conviction was relevant to his general propensity for truthfulness. Without this prima facie showing of probative value, there is nothing for the trial court to balance against the ever-present prejudicial effect of a prior conviction. Tillman, 606 So.2d at 1107, citing McInnis, 527 So.2d at 88. See also Johnson, 604 So.2d at 310; Jordan v.State, 592 So.2d 522, 524 (Miss. 1991). The trial court in the case sub judice employed no on-the-record balancing of prejudicial versus probative value, nor could it have, as the State failed to show any probative value of Johnson's prior conviction in the first instance. The trial court merely stated that Johnson's truthfulness was at issue and that issue outweighs any prejudice of the prior conviction. It follows that evidence of Johnson's prior conviction could not have been properly admitted pursuant to M.R.E. 609(a)(1).
The trial court's admission of evidence of Johnson's prior conviction, without following the proper analysis pursuant to M.R.E. 609(a)(1), was reversible error. Accordingly, Johnson's conviction and sentence should be reversed and the case remanded to the trial court for retrial. Therefore, I dissent.
DAN M. LEE, C.J., and SULLIVAN, P.J., join this opinion.