COLEMAN, JUSTICE,
CONCURRING IN PART AND IN RESULT:
¶ 21. I concur with the majority’s analysis of and, holdings as to the first two issues addressed in the majority opinion, ie., the granting of relief not specifically requested and finding that the attitudes of the children toward their father constitut.ed a material change in circumstances.
¶ 22. However, as to the third issue and the bone of contention between the majority and Presiding Justice Dickinson, I, on the one hand, agree with the dissent that the statutory scheme for child support has supplanted the common law.. I agree that the decisions to award, child support and to set the amount of support are both governed by Mississippi Code Sections 43-19-101 and -43-19-103. Accordingly, the majority is incorrect when it writes that the two code sections have no relevance. (Maj. Op. at ¶ 15). Moreover, the majority’s intimation that Sections 43-19-101 and 43-19-103 are unconstitutional encroachments upon 'the constitutional jurisdiction of the chancery courts is misplaced. (Maj. Op. at ¶ 14).
¶ 23, Nevertheless, .the’ trial court committed no reversible error. The chancellor issued an oral opinion from the bench and clearly stated that he relied oh Caldwell v. Caldwell, 579 So.2d 543 (Miss. 1991), when he ended Gary Copeland’s child support obligations. Amanda Copeland failed to argue at the time or on written motion for rehearing that the trial court had erred in doing so. Absent plain’ error, the court does not hold trial judges in error for issues not presented to them for decision or not raised by the aggrieved party in its brief.
¶ 24; Under the plain error doctrine, thq Court “retains the inherent authority to notice error to prevent the manifest miscarriage of justice, despite trial counsel’s failure to'preserve the error.” Alpha Gulf Coast, Inc. v. Jackson, 801 So.2d 709, 727 (¶ 60) (Miss. 2001) (citing Johnson v. Fargo, 604 So.2d 306, 311 (Miss. 1992)). “For the plain-error doctrine to apply, there must have been an error that resulted in manifest- miscarriage of justice or seriously affects the fairness, integrity or public reputation of judicial proceedings.” Johnson v. State, 155 So.3d 733, 738 (Miss. 2014) (quoting Burdette v. State, 110 So.3d 296, 303 (Miss. 2013)). Because the Court has not before today acknowledged the abrogation of the common law by Sections 43-19-101 and 43-19-103 and there is insufficient reason to believe the chancellor would have reached a different result had he considered the issue pursuant to, the stat *99 utes, the error does not arise to the level of plain error. Accordingly, I agree with the result reached by the majority and would affirm.
RANDOLPH, P.J., AND MAXWELL, J., JOIN THIS OPINION IN PART.