538 So.2d 1204 (1989)
Woodrow Jerry HAWKINS & John Amos
v.
STATE of Mississippi.
No. 58216.
Supreme Court of Mississippi.
February 9, 1989.
*1205 Tom T. Ross, Jr., Ross, Hunt, Spell & Ross, Clarksdale, William E. O'Hare, Smith & O'Hare, Cleveland, Thomas J. Lowe, Jr., Jackson, for appellants.
Mike Moore, Atty. Gen. by Harrison S. Ford, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and SULLIVAN and ZUCCARO, JJ.
SULLIVAN, Justice, for the Court:
Woodrow Jerry Hawkins and John Amos, appellants, were indicted by the grand jury of Coahoma County, Mississippi, in June, 1986, on the charge of robbery. On August 19, 1986, in the Circuit Court of Coahoma County, Honorable John L. Pearson Presiding, Hawkins and Amos were found guilty of robbery. Hawkins and Amos were sentenced to serve fifteen (15) years each in the custody of the Mississippi Department of Corrections. Feeling aggrieved by this sentence, each perfects an appeal and makes two assignments of error. Woodrow Jerry Hawkins assigns as error the following:
1. The trial court erred in failing to sever Appellant Hawkins' trial from the trial of Co-Defendant John Amos; and
2. The court erred in overruling Appellant's Motion in Limine to keep the State from mentioning any prior convictions.
John Amos assigns as error:
3. The trial court erred in overruling the Appellant's Motion for Severance; and
4. The trial court erred in overruling the Appellant's Motion in Limine to prevent introduction of appellant's prior conviction.
At approximately 11:00 o'clock p.m. on the evening of May 21, 1986, a Charter Food Store in Clarksdale, Mississippi, was robbed by two men. The two men took approximately $200.00 from the store's cash register. As the two men left the store they were seen getting into a car by a witness. The witness was able to take down the vehicle's license plate number. As a result of the ensuing police investigation John Amos, Woodrow Jerry Hawkins and Leroy Murphy were arrested. Murphy was tried in a separate action.
Hawkins and Amos were tried together on August 18, 1986. Prior to trial both parties moved for a severance and made a motion in limine to exclude prior convictions. The first witness at trial was Ms. Ruthie Brown, the employee on duty the night of the robbery. Ms. Brown testified that two robbers entered her store at approximately 11:00 p.m. and stated, "This is a robbery, give me all the money in the store." One man had his right hand in a paper bag pointed directly at her with his left hand supporting the bag. Obeying their instructions Ms. Brown opened the register and put the cash drawer on the counter. At trial Ms. Brown identified Woodrow Jerry Hawkins as the man with the bag on his hand.
Ms. Brown also testified that the second robber told her to open the store safe or her head would be blown off. This second robber was identified in court by Ms. *1206 Brown as John Amos. She further testified that after telling Amos that it was impossible to open the safe he went into a rage and threw a quart bottle of beer on the floor. The robbers left when Mr. Derrick Brower drove into the parking lot.
Brower saw two men running from the Charter Store. They drove away in a 1975 Nova. Brower got the tag number, CLC-941, and through that the police went to the home of the car owner. The car was there and the hood was still warm. John Amos had used the car that night. When he was arrested Amos had $174.00 on him.
Hawkins did not testify at the trial but Amos did. In his version Amos said he went to the Charter Store and when he left he had a flat tire. Amos testified that while he was changing the tire Hawkins and Leroy Murphy went back to the Charter Store to get beer. This occurred between 10:30 and 11:00 p.m. and it was during this time that David King drove by. When the flat was fixed Hawkins and Murphy returned and the three men left.
David King testified that he saw Amos fixing a flat on a street near the Charter Store but he did not remember the day or the month of this incident.

I.

DID THE COURT ERR IN DENYING APPELLANTS' MOTIONS IN LIMINE REGARDING PRIOR CONVICTIONS?
We first address both claims that it was error to overrule the Motion in Limine on prior convictions.
Only Amos testified, but Hawkins claimed that this ruling had a chilling effect on his right to testify.
When a criminal defendant elects to take the witness stand in his own defense he is subject to being impeached under Rule 609, M.R.E., with evidence of prior convictions. Johnson v. State, 525 So.2d 809, 811 (Miss. 1988). Rule 609 provides that:
(a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect on a party or (2) involved dishonesty or false statement, regardless of the punishment.
For the prior conviction to be used, the trial judge must make an on the record determination that the probative value of the conviction outweighs its prejudicial effect. Johnson, 525 So.2d at 812. This Court has adopted the factors set out in United States v. Mahone, 537 F.2d 922 (7th Cir.1976), that the trial judge should use to determine probativeness. Johnson, Id. The factors are: (1) impeachment value of the crime; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity of the past crime and the charged crime; (4) importance of the defendant's testimony; (5) the centrality of the credibility issue.
Balancing these factors the trial judge found that the probative value of the prior crime outweighed its prejudicial effect. The judge found that the prior crime, armed robbery, goes to the credibility issue, thus it has impeachment value. The prior crime was within the ten year time limit so it was proper to be used for impeachment. It was noted that the prior crime was also armed robbery. This Court has stated that there are strong reasons for excluding convictions which are the same crime because the pressure on jurors to plead that if the defendant did it once he probably did it this time. Johnson, 525 So.2d at 812. In examining the fourth element the trial judge stated that there was one eyewitness for Amos whose credibility had been attacked and another witness who saw the crime but did not identify the criminals. State witness Brown also had identified both appellants in court. These facts lessen the importance of the defendant's testimony. If Amos' only defense had been sole alibi testimony element (4) *1207 would have had more validity. Since the State had two witnesses the credibility of Amos and Hawkins' testimony would have been crucial and should have been known to the jury to help them reach a verdict. This Court has stated that a trial judge will only be reversed for an abuse of discretion. Sanders v. State, 352 So.2d 822, 824 (Miss. 1977); see also, Johnson, 525 So.2d at 812.
There is no merit to this assignment of error.

II.

WAS IT ERROR TO DENY HAWKINS A SEVERANCE?
The trial judge has the discretion to grant a severance if it is necessary to promote a fair determination of the defendant's guilt or innocence. In Duckworth v. State, 477 So.2d 935, 937 (Miss. 1985), this Court stated that there are a number of criteria to be used to determine if the denial of a motion for severance is proper. These criteria are whether or not the testimony of one co-defendant tends to exculpate that defendant at the expense of the other defendant and whether the balance of the evidence introduced at trial tends to go more to the guilt of one defendant rather than the other. Absent a showing of prejudice, there are no grounds to hold that the trial court abused its discretion. Id. at 937.
Hawkins did not testify in his own defense, he opted to rest after the State's case. At that point in the trial the State's witness Ms. Brown had identified both Hawkins and Amos as the robbers. Amos then proceeded to testify stating he was not in the store but that Hawkins had gone back to the store. This testimony tends to exculpate Amos at the expense of Hawkins. The jury now has to weigh Amos' credibility against Ms. Brown while Hawkins' silence is detrimental in light of Amos' testimony. Also Amos' testimony disrupts the balance of evidence. His testimony helps corroborate Ms. Brown's testimony that Hawkins was in the Charter Food Store.
The State argues that the balance of the evidence went equally to the guilt of the two defendants because of the in-court identification by Ms. Brown. Also, that Amos' testimony did not help convict Hawkins but that the jury relied on Ms. Brown's identification to base its conviction. There was a conflict of interest by which Hawkins was prejudiced by Amos' testimony therefore a severance was required. Johnson v. State, 512 So.2d 1246, 1254 (Miss. 1987).
This assignment of error has merit. The conviction and sentence of Hawkins must be vacated and the matter reversed and remanded for a new trial.

III.

WAS IT ERROR TO DENY AMOS A SEVERANCE?
In this assignment of error John Amos claims that the court erred in denying his Motion for Severance.
Rule 4.04, Uniform Criminal Rules of Circuit Court states that the granting or refusing of a severance is within the discretion of the trial judge. The trial judge may grant a severance if it is necessary to promote a fair determination of the defendant's guilt or innocence. In Duckworth, 477 So.2d at 937, this Court stated that there are a number of criteria to be used to determine if the denial of a motion for severance is proper. These criteria were stated in the second assignment of error.
It should be remembered that John Amos testified in his own behalf. In his testimony he stated that he was fixing a flat tire while Hawkins and Murphy went back to the Charter Store for more beer. Amos' testimony was an alibi which would tend to exculpate him at the expense of Hawkins. At trial Ms. Brown identified both Hawkins and Amos as the robbers so the balance of the evidence does not go more to the guilt of Amos rather than Hawkins. While Amos' testimony might have exculpated him at the expense of the other defendant this does not constitute reversal on this assignment. There was no showing that Amos was prejudiced. He was able to put *1208 on his own defense regardless of the severance issue. The trial judge will not be deemed to have abused his discretion absent a showing of prejudice. Duckworth, 477 So.2d at 937.
Since Amos was not prejudiced by the failure of the judge to grant a severance, this assignment is without merit.
The conviction and sentence of Amos is affirmed.
CONVICTION OF ROBBERY AND SENTENCE OF FIFTEEN (15) YEARS AS TO WOODROW JERRY HAWKINS IS VACATED. THIS CAUSE IS REVERSED AND REMANDED TO THE CIRCUIT COURT OF COAHOMA COUNTY FOR A NEW TRIAL. CONVICTION OF ROBBERY AND SENTENCE OF FIFTEEN (15) YEARS AS TO JOHN AMOS IS HEREBY AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON and ZUCCARO, JJ., concur.
PITTMAN, J., not participating.