# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-KA-00452-SCT

*GLYNN STEVENS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/27/96 |
| TRIAL JUDGE: | HON. JAMES E. GRAVES, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DONALD W. BOYKIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEAN SMITH VAUGHAN |
| DISTRICT ATTORNEY: | EDWARD J. PETERS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 7/23/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/17/98 |

**EN BANC.**

**PRATHER, CHIEF JUSTICE, FOR THE COURT:**

## I. INTRODUCTION

¶1. On August 8, 1995, the Grand Jury of the First Judicial District of Hinds County indicted Glynn Stevens, Calvin Shelton, Patrick Cavett, and Robert Strahan for the April 28, 1995, murder of Jason Brown. Stevens, Cavett, and Strahan were tried together, and Shelton testified against them. On February 23, 1996, the jury found Stevens guilty of manslaughter. He was sentenced to twenty years in prison.

¶2. On March 1, 1996, Stevens moved for a judgment notwithstanding the verdict (JNOV), or, in the alternative, a new trial. The trial judge denied the motion April 19, 1996. Stevens appeals and raises the following issues for consideration by this Court:

**A. Whether the verdict of the jury was supported by the evidence, or the trial court should have granted Stevens' peremptory instruction and motions for directed verdict?**

**B. Whether the court should have granted Stevens' challenge for cause of venire member Cliff**

**Bowen?**

**C. Whether Exhibit One, a picture of the victim, should have been admitted into evidence?**

**D. Whether Exhibit Eight, an autopsy picture of the victim's head, should have been admitted into evidence?**

**E. Whether the trial court erred in allowing Calvin Shelton to testify on re-direct examination about threats made to him by Stevens?**

**F. Whether the trial court erred in denying Stevens' motion in limine?**

**G. Whether Stevens should have been allowed to have Calvin Shelton's written statement to the police marked as an exhibit for identification?**

**H. Whether Stevens should have been allowed to comment upon and question witnesses concerning Robert Strahan's remaining silent?**

**I. Whether the trial court erred by requiring that the three defendants on trial jointly agree upon twelve peremptory challenges?**

**J. Whether the trial court erred by not striking the testimony and by not instructing the jury to disregard the testimony of criminalist, John Dial, concerning injuries to the forearm of Jason Brown?**

¶3. This case is reversed and remanded for failure to grant Stevens' motion to sever his trial from that of his co-defendants. The other issues raised by Stevens are without merit, but some evidentiary matters will be addressed, to the extent that discussion of these issues could provide guidance on remand for a new trial.

## II. LEGAL ANALYSIS

¶4. The record reflects that, initially, all three co-defendants requested a severance. However, at the hearing of the motion for severance, Cavett withdrew his motion to sever and objected to severance of the other cases. Strahan (the only one of the co-defendants who did not give a statement to the police) agreed to proceed with the joint trial, on the condition that the trial judge grant a motion *in limine* prohibiting comment on the fact that Strahan had exercised his right to remain silent. The trial judge agreed and the order was entered.

¶5. Stevens at all times maintained that he wanted a separate trial. Stevens also argued against Strahan's motion *in limine*. Stevens wanted to comment on the fact that he was forthcoming with the police, and that Strahan did not give a statement to the police -- in order to imply that Strahan had something to hide. However, Stevens was prevented from making this argument because the cases were tried together, and because of the order *in limine* (which Stevens opposed).

> The trial judge has the discretion to grant a severance if it is necessary to promote a fair determination of the defendant's guilt or innocence. In *Duckworth v. State*, 477 So.2d 935, 937 (Miss.1985), this Court stated that there are a number of criteria to be used to determine if the denial of a motion for severance is proper. These criteria are whether or not the testimony of

one co-defendant tends to exculpate that defendant at the expense of the other defendant and whether the balance of the evidence introduced at trial tends to go more to the guilt of one defendant rather than the other. Absent a showing of prejudice, there are no grounds to hold that the trial court abused its discretion. *Id.* at 937.

*Hawkins v. State*, 538 So. 2d 1204, 1207 (Miss. 1989); *See Gossett v. State*, 660 So. 2d 1285, 1289 (Miss. 1995); *Tillman v. State*, 606 So. 2d 1103, 1106 (Miss. 1992) ("the trial court has the discretion to grant a severance if it is necessary to promote a fair determination of the defendant's guilt or innocence"); *Johnson v. State*, 512 So. 2d 1246, 1254 (Miss. 1987); *Price v. State*, 336 So. 2d 1311, 1312 (Miss. 1976); URCCC 9.03; Miss. Code Ann. § 99-15-47 (Supp. 1994).

¶6. Because Stevens' defense was inconsistent with that of his co-defendants, Stevens was prejudiced by not being able to raise an argument that he wished to raise, and, could have raised, but for the order *in limine* on the joint trial. Therefore, with regard to Stevens, the trial judge abused his discretion in granting Strahan's motion *in limine* and denying the motion to sever. This case is reversed and remanded for a new trial.

¶7. Stevens also raises some evidentiary questions. The first is the admission of a photograph of the victim taken before the shooting. The trial judge did not abuse his discretion in admitting the photograph. *Bullock v. State*, 391 So. 2d 601, 609 (Miss. 1980); *Bruce v. State*, 349 So. 2d 1068, 1071 (Miss. 1977). The second is an autopsy picture of the entry wound to the victim's head after an autopsy incision had been made. The trial judge did not abuse his discretion by admitting this photograph. Indeed, this Court has previously upheld the admission of similar and/or even more gruesome autopsy photographs to show the cause of death and/or the path of the fatal bullet. *See, e. g., Davis v. State*, 660 So. 2d 1228, 1259 (Miss. 1995); *Mack v. State*, 650 So. 2d 1289, 1314 (Miss. 1994); *Noe v. State*, 616 So. 2d 298, 303 (Miss. 1993); *Alexander v. State*, 610 So. 2d 320, 338 (Miss. 1992); *Porter v. State*, 564 So. 2d 31, 35 (Miss. 1990).

¶8. Finally, Stevens argues that the trial court erred in denying a motion *in limine* to exclude the fact that Stevens told police that he went to the Metro the night of the murder to steal a car. Stevens contends that this evidence was not relevant under M.R.E. 401, and that any probative value was outweighed by the danger of unfair prejudice. Stevens does not cite any cases in support of his argument. A trial judge enjoys a great deal of discretion as to the relevancy and admissibility of evidence. Unless the judge abuses his discretion so as to be prejudicial to the accused, the Court will not reverse this ruling. *Fisher v. State*, 690 So. 2d 268, 274 (Miss. 1996). Stevens has failed to demonstrate that the trial judge abused his discretion in denying the motion *in limine*, and admitting this highly probative evidence.

### III. CONCLUSION

¶9. Stevens was prejudiced by the trial court's order *in limine* on the joint trial. For this reason, the case is remanded for a new trial. The other issues raised by Stevens are without merit.

¶10. **REVERSED AND REMANDED FOR A NEW TRIAL.**

**SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE AND WALLER, JJ., CONCUR. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY ROBERTS**

**AND MILLS, JJ.**

### SMITH, JUSTICE, DISSENTING:

¶11. The *Stevens* opinion as it is written simply states "Stevens was prejudiced by not being able to raise an argument that he wished to raise, . . ." There is no basis for this conclusion. In *Hawkins v. State*, 538 So. 2d 1204, 1207 (Miss. 1989), this Court identified a number of criteria to be used to determine if the denial of a motion for severance is proper.

> These criteria are whether or not the testimony of one co-defendant tends to exculpate that defendant at the expense of the other defendant and whether the balance of the evidence introduced at trial tends to go more to the guilt of one defendant rather than the other. Absent a showing of prejudice, there are no grounds to hold that the trial court abused its discretion.

*Id.* (*citing Duckworth v. State*, 477 So. 2d 935, 937 (Miss. 1985)).

¶12. The *Stevens* opinion, as written, does not meet this Court's standard as identified in *Duckworth*. Specifically, it does not demonstrate how the fact that one co-defendant (Strahan) did not make a statement to the police at the time of arrest would exculpate the other defendant (Stevens). Conversely, the opinion admits that Steven's defense counsel moved that this evidence be introduced in an effort to **imply** that Strahan had something to hide. There is no mention of any direct evidence showing that Strahan did in fact have something to hide. Furthermore, the opinion does not evaluate the balance of the evidence introduced at trial and whether this evidence goes more to the guilt of one defendant than the other as required by the *Duckworth* criteria.

¶13. In the absence of an evaluation of the *Duckworth* criteria, this Court should not hold that a wishful **implication** rises to the level of prejudice required for trial severance, and that the trial judge abused his discretion in denying severance.

¶14. Accordingly, I respectfully dissent.

**ROBERTS AND MILLS, JJ., JOIN THIS OPINION.**