THOMAS, P.J.,
for the Court:
¶ 1. Michael Seals appeals his conviction of the sale of cocaine, raising the following issue as error:
I. THE TRIAL COURT ERRED WHEN IT RULED THAT THE DEFENDANT COULD NOT TESTIFY IN HIS OWN DEFENSE WITHOUT BEING SUBJECT TO CROSS-EXAMINATION ABOUT HIS CRIMINAL RECORD.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On September 18, 1996, Michael Seals sold $100 worth of crack cocaine to Joshua Coleman, an undercover police officer. At trial, Seals expressed his desire to testify in his own defense provided he would not be subject to cross-examination about two prior felony convictions. The trial judge ruled that Seals would be subject to cross-examination about his prior convictions. Seals declined to testify. Seals was thereafter convicted as a habitual offender for the sale of cocaine.
ANALYSIS
I.
THE TRIAL COURT ERRED WHEN IT RULED THAT THE DEFENDANT COULD NOT TESTIFY IN HIS OWN DEFENSE WITHOUT BEING SUBJECT TO CROSS-EXAMINATION ABOUT HIS CRIMINAL RECORD.
¶4. Seals argues that he was coerced into giving up his right to testify by the fear that the jury would be prejudiced by knowledge of his prior convictions. Seals asserts that the only reason for the desire of the State to cross-examine him as to his prior felony convictions was to introduce the fact of the prior convictions to the jury in an improper attempt to prejudice them. Therefore, Seals argues that he was denied his right to testify in his own defense by the trial judge’s ruling that he could not do so without being subject to cross-examination about his prior felony convictions.
¶ 6. Seals’s basic argument is that the trial judge’s ruling had a “chilling effect” on his decision to testify. Our supreme court has held that in such a case to properly preserve the issue for appellate review the defendant must preserve for the record “substantial and detailed evidence of the testimony he would have given.” Heidelberg v. State, 584 So.2d 393, 395 (Miss.1991) (quoting Saucier v. State, 562 So.2d 1238, 1245 (Miss.1990)). Seals failed to proffer anything evidencing his testimony; therefore, he has failed to properly preserve this issue for appeal.
¶ 6. Nonetheless, without waiving the procedural bar, Seals’s argument lacks *342 merit. Examination of the record shows that Seals was previously convicted for both robbery and burglary. Prior felony convictions can be used to impeach a defendant who elects to take the stand under M.R.E. 609. Hawkins v. State, 538 So.2d 1204, 1206 (Miss.1989). Seals argues that evidence of these felonies can only be used for impeachment purposes and only if the prejudicial effect is outweighed by the probative value of the impeachment. Seals attempts to argue that such crimes have no relevance to the issue of his propensity to testify truthfully; therefore, the trial judge erred in allowing their admissibility. However, our supreme court has held that:
The crimes of robbery and larceny, even if not in the nature of crimen falsi, do disclose a disregard for the rights of others which might reasonably be expected to express itself in giving false testimony whenever it would be to the advantage of the witness to do so. Put another way, crimes which involve theft have at least some probative value for assessing credibility of the witness.
Bogard v. State, 624 So.2d 1313, 1317 (Miss.1993).
¶ 7. The trial judge made an on-the-record determination using the Peterson factors that the probative value of the evidence outweighed its prejudicial effect. Peterson v. State, 518 So.2d 632, 636 (Miss.1987). The trial judge found that each Peterson factor favored admissibility, and that the State had made a prima facie case for the admissibility of the felony convictions. In such a ease we would reverse the trial judge only for an abuse of discretion. Hawkins, 538 So.2d at 1207. We hold the trial judge did not abuse his discretion in this instance.
¶ 8. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT OF CONVICTION OF THE SALE OF COCAINE AND SENTENCE AS A HABITUAL OFFENDER TO THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $5,000 WITH $4,000 SUSPENDED IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, AND PAYNE, JJ., CONCUR.