522 So.2d 740 (1988)
Jeffrey Lane IVY
v.
STATE of Mississippi.
No. 57222.
Supreme Court of Mississippi.
March 16, 1988.
*741 John Paul Moore, Starkville, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Leyser Q. Morris, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
This is an appeal from Jeffrey Ivy's conviction in the Circuit Court of Oktibbeha County of aggravated assault of his four year old stepdaughter, who stated that he zipped her in a suitcase and threw her down a flight of stairs. Because of a violation of Rule 609(a) of the Mississippi Rules of Evidence, this Court must reverse the conviction and remand for a new trial.
Trial was held with the new Mississippi Rules of Evidence in effect. Ivy received an eight-year suspended sentence in the Department of Corrections, with four years of probation, and one year to be served in the county jail. On appeal from his conviction, Ivy assigns as error the following:
1. The five year old child who was allegedly assaulted was neither competent nor qualified to be sworn as a witness in the case at bar.
2. The continued leading of the five year old an infant on direct examination by the District Attorney, as to cogent points, was reversible error.
3. The trial judge erred by not granting defense instruction which read as follows: "The court instructs the jury that the weight of evidence to be given each and all of the witnesses in this case is up to the jury, but that the testimony of a five year old, in this case, should be considered with precaution."
4. The testimony of Doctor Ray Lyle was objectionable as his testimony was not within his field of specialty.
5. The trial judge erred by not sustaining defense counsel's objection to the following question: Q: Mr. Ivy, have you been convicted of any crime?
6. The verdict of the jury is against the overwhelming weight of the evidence and is not sufficient to sustain the conviction.

I.

WAS JENNIFER KINNEY, THE FIVE YEAR OLD, COMPETENT TO TESTIFY 
DURING THE TRIAL?
Jennifer Kinney, the victim of the assault, was five years old at the time of the trial, but did not know when her birthday was. She testified that she knew the difference between telling the truth and telling a lie. She further testified that she believes in God; that a promise means that you will do what you say you are going to do; that she understood that she was going to be asked to make a promise to God to tell the truth and that she must tell the truth and not put something off on somebody else.
On cross-examination, Jennifer could not say what Christmas is about, but agreed that it is about getting toys from Santa Claus. She did not know what July 1, 1985 (the date of her injury) means to her or what day or month her birthday was or when she will be six. She did not know what Easter means, did not go to church anywhere and did not know where she got her belief in God. Counsel for Ivy then asked: "You don't go to church and you don't know what Easter means. If you just told a little something about somebody that wasn't right it wouldn't be too bad, Would it?" She answered, "No."
On redirect, Jennifer testified that she did remember the day that she got hurt in the suitcase, including that day and everything that happened to her, and that she could tell everybody in the courtroom what happened to her that evening.
Finally, she responded positively to the following question from the prosecutor: *742 "And, Jennifer, you were asked if  if you would just tell a little bitty something wouldn't be too bad; you understand now if you promise to tell God the truth about the whole matter that even telling just a little something wrong would be bad, do you understand that?"
Mississippi Rule of Evidence 601 provides that "[e]very person is competent to be a witness except as restricted by Mississippi Code Sections 13-1-5 (competency of spouses) and 13-1-11 (persons convicted of perjury or subornation of perjury), or by these rules." Mississippi Rule of Evidence 601, like Federal Rule of Evidence 601, abolishes all grounds for disqualifying a witness, except for those listed in the Mississippi Rule. This is not to say that a trial judge may not still have power to keep a witness from testifying. The trial judge simply must shift his attention from the proposed witness to the proffered testimony and from competency to relevancy, looking to Mississippi Rules of Evidence 401 and 403. See 3 Weinstein's Evidence para. 601[04] (1987). Note too that Jennifer testified to personal knowledge and declared by oath that she would testify truthfully, and thus both Rule 602 and Rule 603 have been met, as well as our pre-rule standards.
The only argument or authority set forth by Ivy relates to the competency of Jennifer Kinney. While emphasizing the importance of a trial judge's relevancy determination under Rule 403 in the case of child witnesses, this Court holds that Jennifer Kinney was competent under Rule 601, and thus the trial judge's ruling on this question is affirmed.

II.

WAS THE CONTINUED LEADING OF JENNIFER KINNEY BY THE PROSECUTOR AS TO COGENT POINTS REVERSIBLE ERROR?
The prosecutor asked Jennifer what happened to her clothes, and Jennifer said that he (Ivy) put the shirt and the towels in the dumpster in the back yard and the jump suit on the dryer. Then the following questioning took place:
Q. Okay, and you were wearing a little pink jump suit, is that right?
A. Uh-huh.
Q. Okay, and you had a little shirt on underneath that, is that right?
A. Yeah.
Q. Okay, and he threw some of those things in the dumpster behind  over there by the house, is that right, by the garbage 
A. Yeah.
At this point counsel for Ivy objected as to leading the witness and was overruled. Then the prosecutor asked Jennifer other similar type leading questions. The court overruled the objection, stating, "This witness is a child of five years of age and I'm going to permit him to lead this witness."
"Leading questions should not be used on the direct examination of a witness except as may be necessary to develop his testimony." Mississippi Rule of Evidence 611(c). This rule is identical to Federal Rule of Evidence 611(c). Both rules acknowledge that leading questions may be necessary to develop the testimony. "Children are a classic example of the kinds of witnesses for whom leading questions may be necessary." 3 Weinstein's Evidence, para. 611[05] (1987).
In a recent federal case, the prosecutor led a child witness who was reluctant to repeat a "naughty" word and asked "Can I say it?" The prosecutor stated, "Yes, you can say it," and he did. The court stated that, "The trial court's ruling deserves deference because the court was in the best position to evaluate the emotional condition of the child witness and his hesitancy to testify." United v. Nabors, 762 F.2d 642, 650-651 (8th Cir.1985).
This Court defers to the trial judge's ruling as to the leading questions recited above. Such a holding is consistent with prerules law that the trial judge has broad discretion in passing on the form of questions asked minors. Allen v. State, 384 So.2d 605, 606 (Miss. 1980); Cabello v. State, 471 So.2d 332, 340 (Miss. 1985). This Court concludes that there was no reversible error in this assignment.

*743 III.

DID THE TRIAL JUDGE ERR BY NOT GRANTING DEFENSE INSTRUCTION D-5?
The refused instruction read as follows:
The court instructs the jury that the weight of evidence to be given each and all of the witnesses in this case is up to the jury, but that the testimony of a five year old, in this case, should be considered with precaution.
This Court has recently held that it was not error to refuse an instruction telling the jury to receive with caution the testimony of a child of tender years. Bandy v. State, 495 So.2d 486, 492-493 (Miss. 1986). "If the jury is to be instructed at all with respect to the testimony of the child, it should be told to view the testimony in the light of the child's age and understanding, not his veracity." Id. at 493. The Court finds no reversible error in this assignment.

IV.

WAS THE TESTIMONY OF DR. RAY LYLE OBJECTIONABLE?
Dr. Lyle testified that he was called to the emergency room July 1, 1985, to see Jennifer. He testified that when he first saw her she was relatively calm and just sitting by her mother, with blood on her head and some on her clothes, but very calm. Children are usually pretty upset and fearful in such a situation, but she was strangely subdued and even passive and so caught the attention of the doctor. He further testified that this is either indicative of a superbly mature little girl for the age or a depressed little girl and so fearful that she is not excited. The doctor was then asked "And is this consistent with child abuse?" As he began to answer, counsel for Ivy objected because that was a conclusion for the jury to make. The prosecutor responded that he is an expert and should be allowed to give his opinion. The court overruled the objection, and the doctor testified "It is one of the findings in a child that makes me worry about child abuse certainly if it's in association with an injury."
Ivy argues that his testimony should have been excluded because the doctor was qualified as an expert in pediatrics and not in child psychology or psychiatry. Mississippi Rules of Evidence 103(a)(1) provides the following:
Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and ... [i]n case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context. .. .
The objection that the doctor was testifying outside his field of specialty was not made to the trial judge and was obviously not apparent from the context because another specific objection was made. In Een v. Consolidated Freightway, 220 F.2d 82 (8th Cir.1955), a similar objection, that the question called for an answer invading the province of the jury, did not preserve the question of whether the witness was qualified in the applicable field of expertise. The objection which was made was without merit, and thus no objection was preserved. Id. at 87-88. In the same way, in Mississippi, an objection based on the question invading the province of the jury is now without merit under Mississippi Rule of Evidence 704, which states that opinion testimony otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. See Comm. to Rule 704. It is only logical that the appellant cannot now claim that the trial judge did not anticipate the correct ground for the objection. Baker v. State, 327 So.2d 288, 295 (Miss. 1976). See Stevens v. State, 458 So.2d 726, 730 (Miss. 1984) (applying the rule even to Fourth Amendment claims); Gill v. State, 485 So.2d 1047, 1051 (Miss. 1986).
Finally, even if the objection were properly preserved, the doctor could still have given his opinion based on his prior experience with children in the emergency room. Miss.R.Evid. 702. Such a determination *744 necessarily involves the exercise of a certain amount of discretion on the part of the trial judge. Hardy v. Brantley, 471 So.2d 358, 366 (Miss. 1985) (in a discussion which the Court stated to be consistent with proposed Rule 702). In federal courts, the qualification of an expert lies within the sound discretion of the trial judge, whose ruling will not be overturned in the absence of clear abuse. 3 Weinstein's Evidence 702[04] (1987). There is no merit to this assignment.

V.

DID THE TRIAL JUDGE ERR BY OVERRULING DEFENSE COUNSEL'S OBJECTION TO THE PROSECUTOR'S QUESTION TO IVY AS TO WHETHER HE HAD BEEN CONVICTED OF ANY CRIME?
The prosecutor asked, "Mr. Ivy, have you been convicted of any crimes?" Counsel for Ivy objected, stating that "If he'll make it a felony, we have no objection." The Court said, "Do what?" Counsel for Ivy then stated, "If he will say have you been convicted of a felony, we'd have no objection." The objection was overruled. And Ivy answered, "Yes, sir."
On redirect examination by his counsel, Ivy testified that he was convicted of simple assault about five years earlier. He testified that in Starkville, a guy got mad at him during a pool game and began cursing him. As Ivy was getting into his car, this person pushed him from behind, and Ivy turned around and hit him. He pled and paid the fine in city court because he had to go back to Florida.
The prosecutor's question clearly violated new Mississippi Rule of Evidence 609(a), which provides as follows:
For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect on a party or (2) involved dishonesty or false statement, regardless of the punishment.
The ground for the objection was apparent from the context. Miss.R.Evid. 103(a)(1). The State argues that the Mississippi Rule of Evidence had been in effect no more than 28 days, but this is irrelevant.
The State correctly admits that Ivy's conviction could not be used to impeach appellant's credibility due to the fact that punishment for simple assault was a fine of not more than $500 or imprisonment in the county jail for not more than six months or both.
Furthermore, even if the prior conviction was punishable by imprisonment in excess of one year, the trial judge was required under the rule to make a finding on the record of the probative value of this evidence of prior convictions to determine whether the probative value outweighed its prejudicial effect. Peterson v. State, 518 So.2d 632 (Miss. 1987), in which a conviction was reversed and remanded for a new trial because of a violation of Mississippi Rule of Evidence 609(a).
Were the prior conviction based on a felony, this Court would either reverse and remand if the admission thereof were manifestly prejudicial, or remand for a finding under Rule 609. However, because the prior conviction was for a misdemeanor, a balancing of the probative value and prejudicial effect by either this Court or the trial court is not necessary. See Wetz v. State, 503 So.2d 803, 811 n. 5 (Miss. 1987).
This Court reverses the conviction and remands for a new trial and directs that the prior conviction not be admitted in evidence on retrial.
This Court does not address the remaining assignment of error regarding the weight and sufficiency of the evidence since the issue is remanded for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
*745 ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON and ZUCCARO, JJ., concur.
ANDERSON and GRIFFIN, JJ., dissent.
ANDERSON, Justice, dissenting:
The majority has accurately stated our rule on the impropriety of impeaching a defendant by evidence of previous convictions. However, I am not convinced that the rule applies to the peculiar facts of this case.
When the prosecutor asked whether Ivy had been convicted of any crime, the defense attorney objected, adding that "if he'll make it a felony, we have no objection." Thus, even if the objection had been sustained, the jury would effectively have been informed that Ivy had been convicted of a misdemeanor. Since the defense counsel was partially responsible for this state of affairs, I think that any error was not reversible. I would affirm the conviction.
GRIFFIN, J., joins this opinion.