800 So.2d 540 (2001)
Robert BURBANK, Jr. a/k/a Robert Arthur Burbank Jr., Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-KA-01382-COA.
Court of Appeals of Mississippi.
November 13, 2001.
*542 James F. Thompson, Gulfport, Harry B. Ward, Bay St. Louis, for Appellant.
Office of the Attorney General by John R. Henry Jr., for Appellee.
Before KING, P.J., THOMAS, and LEE, JJ.
THOMAS, J., for the Court:
¶ 1. Robert Burbank, Jr. was found guilty in the Circuit Court of Hancock County of sexual battery and was sentenced to serve ten years. He was also convicted of touching a child for lustful purposes and was sentenced to serve five years to run consecutively with the ten year sentence. Eight years of the fifteen year sentence was suspended. Aggrieved, he asserts the following issues:
*543 I. THE LOWER COURT ERRED IN FAILING TO CONDUCT A THOROUGH EXAMINATION OF THE CHILD AS A WITNESS AND REFUSING ADMISSION OF TESTIMONY CONCERNING HER CAPACITY FOR TRUTHFULNESS.
II. THE LOWER COURT ERRED IN ALLOWING THE STATE TO AMEND THE INDICTMENT DURING TRIAL PREVENTING THE ACCUSED FROM FULLY PRESENTING A DEFENSE.
III. THE LOWER COURT ERRED IN ALLOWING THE PSYCHOLOGIST TO TESTIFY CONCERNING HEARSAY STATEMENTS MADE TO HER BY THE CHILD AND BY ALLOWING HER TO TESTIFY WHETHER IN HER OPINION THE CHILD HAD BEEN A VICTIM OF SEXUAL ABUSE.
IV. THE LOWER COURT ERRED IN NOT INSTRUCTING THE JURY TO CONSIDER THE TESTIMONY OF THE PROSECUTRIX WITH CAUTION IN THE ABSENCE OF CORROBORATING EVIDENCE IN A CASE OF SEXUAL ALLEGATIONS.
Finding no error, we affirm.

FACTS
¶ 2. On July 16, 1997, workers at the Casino Magic day care facility in Bay St. Louis called authorities regarding three children they suspected of having been abused. Detectives were dispatched, and upon arriving found the victim, EB, age six, and her two younger siblings, ages two and ten months. EB told the detective what had happened, accusing her adoptive father, Robert Burbank, Jr., of touching her inappropriately and showing her pornographic magazines. The children were taken into protective custody. Their mother was taken to the family home to get clothing for the children. She gave the detective certain magazines that Mr. Burbank kept in a desk. Mr. Burbank was contacted, and he gave a statement denying touching EB, although he admitted showing her magazines in order to teach her about sex.
¶ 3. Burbank was indicted on September 2, 1997, and was charged with sexual battery, touching for lustful purposes, and dissemination of sexually oriented material to persons under eighteen. The indictment charged that the acts occurred on or about June 8,1997. Burbank was tried April 11-12, 2000. Prior to submission to the jury, the court dismissed the charge of dissemination of sexually oriented materials and allowed the State to amend the date listed in the indictment to an "uncertain date" in July, 1997.
¶ 4. At trial, EB testified as to the inappropriate touching and the pornographic magazines. A clinical psychologist that had examined EB also testified, stating that EB displayed sexual knowledge beyond that which is normally found in children her age. Burbank testified in his own defense and denied committing any inappropriate acts. He did admit to showing EB the magazines, however, he said it was because his wife had asked him to teach EB about sex. Bill Boggess, a friend and former neighbor of Burbank's, testified that he and his family had stayed with the Burbank family the first weekend in July and that nothing was mentioned regarding sexual allegations and the family seemed at ease. At the conclusion of the trial, the jury convicted Burbank of sexual battery and touching a child for lustful purposes and sentenced him to serve ten years and five years respectively, with the *544 sentences to run consecutively and with eight years suspended.

ANALYSIS

I. DID THE LOWER COURT ERR IN FAILING TO CONDUCT A THOROUGH EXAMINATION OF THE CHILD?
¶ 5. Burbank asserts that the trial court failed to conduct a voir dire of the child and therefore did not make a thorough determination of the child's competency as a witness. Any analysis challenging the competency of a witness begins with the assumption that every person is competent to give evidence, subject to certain exceptions based on considerations of policy unrelated to the capacity of the witness to comprehend and relate relevant information. Barnett v. State, 757 So.2d 323, 328 (Miss.Ct.App.2000). The child was ten years of age at the time of trial and was testifying to events which occurred when she was six. The child was not too young to testify. Barnett, 757 So.2d at 323; Bailey v. State, 729 So.2d 1255, 1258 (Miss.1999).
¶ 6. Although the court did not conduct a preliminary investigation of the child to determine competency, it was not required to do so. Bailey, 729 So.2d at 1259. The State did question the child in order to demonstrate her competency. The determination of competency is made at the discretion of the trial court. Barnett, 757 So.2d at 329 (citing Bowen v. State, 607 So.2d 1159, 1160 (Miss.1992)). Without a demonstration of an abuse of that discretion, there is no basis for this Court to overturn that ruling.
¶ 7. Secondly, Burbank asserts that he was not able to impeach the child with evidence that she had made a false claim against a fellow student. Burbank did not attempt to impeach the child's credibility during cross-examination. At the conclusion of the child's testimony, Burbank sought to make a proffer on this evidence. The trial court ruled that Burbank would be required to lay a predicate under Rule 412 of the Mississippi Rules of Evidence for the evidence to be admitted. Burbank never attempted to do so, nor attempted to impeach the witness under any other rule of evidence. The child was not called back to the stand and Burbank chose not to proceed. The trial court is not to be held in error if the issue was never presented to it. Jones v. State, 606 So.2d 1051, 1058 (Miss.1992).

II. DID THE LOWER COURT ERR IN ALLOWING THE STATE TO AMEND THE INDICTMENT?
¶ 8. Burbank asserts that the amendment of the indictment from June 8 to the month of July 1997 on the second day of trial prevented him from presenting a possible alibi defense. Amendments may be made to the date of an alleged crime by the trial court provided that they do not prejudice the defense. Crawford v. State, 754 So.2d 1211, 1219 (Miss.2000). The indictment is not required to state the correct date as long as it does not invalidate the indictment, and the time element does not have to be specific as long as it is within reasonable limits. Morris v. State, 595 So.2d 840, 842 (Miss.1991).
¶ 9. Burbank's principal defense was that he did not commit the acts charged against him at any time. This defense, therefore, was not compromised by amending the date from June 8 to the month of July. Burbank did not have an alibi defense for the original indictment date and has not demonstrated either at trial or afterward that he could have presented additional evidence if the date had been known. After the amendment, Boggess testified regarding the first weekend *545 in July in an attempt to show that nothing had happened by that date. Burbank himself did not testify as to an alibi. He has failed to show that he had other witnesses to present and did not request a continuance or recess upon the motion to amend the date. Absent a showing of prejudice, this issue is without merit.

III. DID THE LOWER COURT ERR IN ALLOWING THE PSYCHOLOGIST TO TESTIFY CONCERNING HEARSAY STATEMENTS MADE TO HER BY THE CHILD AND BY ALLOWING HER TO TESTIFY WHETHER IN HER OPINION THE CHILD HAD BEEN A VICTIM OF SEXUAL ABUSE?
¶ 10. Burbank asserts that the testimony given by Dr. Cutrer, a psychologist, was prejudicial and therefore improper. Dr. Cutrer testified as to her professional training and experience as a clinical psychologist and her prior experience as an expert witness. The trial court accepted Dr. Cutrer as an expert as was within its discretion. Crawford v. State, 754 So.2d 1211, 1215 (Miss.2000). Dr. Cutrer then testified without objection about the psychological assessment she had made of the child, and what the child had told her during that assessment. This testimony was admissible under M.R.E. 803(4) and was properly admitted. Baine v. State, 604 So.2d 249, 254 (Miss.1992).
¶ 11. Dr. Cutrer also testified as to her opinion of whether the assessment was consistent with a sex abuse victim. This is quite different than testifying that the child was a victim of sexual abuse. The psychologist examined the entire interview with the child and testified that the overall result was consistent with a child that had been sexually abused. This conclusion is proper and within the scope of expert testimony. Crawford, 754 So.2d at 1215; Hall v. State, 611 So.2d 915, 919-920 (Miss.1992). Dr. Cutrer was never asked if in her opinion the child was truthful and never offered her opinion on that subject. Her conclusion was based on her findings and does not constitute error.

IV. DID THE LOWER COURT ERR IN NOT INSTRUCTING THE JURY TO CONSIDER THE TESTIMONY OF THE PROSECUTRIX WITH CAUTION IN THE ABSENCE OF CORROBORATING EVIDENCE?
¶ 12. Burbank asserts that the lower court should have instructed the jury that the testimony of the child victim should be viewed with caution in the absence of corroborating evidence. This, he feels, will make juries aware of the considerations to be given to the testimony of a child. The jury is the judge of credibility of witnesses. It is improper for a trial court to comment upon the weight or credibility of witnesses or evidence. Miss. Code Ann. Section 99-17-35(Rev. 1994). A child should be examined in order to "show that the child has a comprehension of past events and a moral appreciation of truthfulness." Bandy v. State, 495 So.2d 486, 493 (Miss.1986).
¶ 13. A child is not presumed to be dishonest and should be viewed as truthful as any other witness. Id. It is not improper to reject an instruction telling the jury to receive with caution the testimony of a child of tender years. Ivy v. State, 522 So.2d 740, 743 (Miss.1988). "If the jury is to be instructed at all with respect to the testimony of the child, it should be told to view the testimony in the light of the child's age and understanding, not his veracity." Bandy, 495 So.2d at 493. The jury instruction was properly rejected.
*546 ¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF HANCOCK COUNTY OF CONVICTION OF COUNT II SEXUAL BATTERY AND SENTENCE OF TEN YEARS AND COUNT III TOUCHING A CHILD FOR LUSTFUL PURPOSES AND SENTENCE OF FIVE YEARS WITH SENTENCES TO RUN CONSECUTIVELY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH EIGHT YEARS SUSPENDED AND FIVE YEARS POST-RELEASE SUPERVISION IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.