BRIDGES, J., for the court.
¶ 1. On or about April 10, 2002, an abuse petition was filed in the Harrison County Youth Court, alleging that E.A.J., a three year old girl, had been sexually abused. The allegations in the petition were admitted by the child’s mother. On April 9, 2002, a shelter hearing was held in which the court placed the child in the custody of the Department of Human Services, appointed Dr. J. Donald Matherne to examine the child, and ordered that upon the completion of the examination the child be released to the custody of the mother. The court also enjoined the father from any contact with the child and set a reconvened hearing for April 11, 2002. At the reconvened hearing, the court continued the child in the custody of the mother, granted supervised visitation to the father, and also set a date for a plea and a trial. After the plea was conducted, this matter was set for trial on June 12, 2002.
¶2. At trial, there were a number of witnesses that testified, including Dr. J. Donald Matherne, Nancy Barrett, a social worker, and the minor child, E.A.J. Upon the completion of the trial/hearing, the court adjudicated that E.A.J. was abused as set out in the petition. On July 29, 2002, a disposition hearing was held at which the court placed custody of the child with her mother and ordered the Department of Human Services to attempt to arrange visitation with the father. On August 20, 2002, a permanency hearing was held and the matter was taken under advisement.
¶ 3. It is the adjudication of abuse that the father, W. J., now appeals to this Court.
STATEMENT OF THE ISSUE
WHETHER THE TRIAL COURT ERRED IN ALLOWING E.A.J., A MINOR CHILD THREE YEARS OF AGE, TO TESTIFY WITHOUT FIRST ESTABLISHING HER COMPETENCY.
FACTS
¶4. After two shelter hearings and a plea hearing, the court set this matter for trial on June 12, 2002. As stated above, there were several witnesses who testified, including Dr. J. Donald Matherne, Nancy Barrett, and the minor child, E.A.J.
*207 ¶ 5. The first witness to testify was Dr. J. Donald Matherne, a clinical psychologist, who first examined the child pursuant to the orders of the court. At trial, Dr. Matherne was qualified as an expert and concluded that the child had been sexually abused by W. J.
¶ 6. The next witness to testify was Nancy Barrett, a social worker. Barrett testified that the child demonstrated what “her daddy” had done. Barrett also made other statements delineating what was said by the child and the circumstances surrounding the child’s statements.
¶ 7. The final witness to testify was the minor child, E.A.J. She testified as follows:
WILSON (Youth Court Prosecutor):Well, what happened?
E.A.J.: (No response)
WILSON: Can you tell me?
E.A.J.: He sticked in my butt.
WILSON: Sticked what in your butt?
E.A.J.: (Witness indicates)
WILSON: Fingers?
E.A.J.: (Witness indicates)
WILSON: Whose fingers?
E.A.J.: (Witness indicates)
WILSON: Are you talking about your daddy?
E.A.J.: (Witness indicates)
WILSON: You’ve got to talk to me.
E.A.J.: Yes, ma’am.
¶8. On July 8, 2002, the court, after hearing all the evidence, entered its opinion finding that by a preponderance of the evidence the child had been sexually abused and adjudicating the child to be an abused child.
ANALYSIS
WHETHER THE TRIAL COURT ERRED IN ALLOWING E.A.J., A MINOR CHILD THREE YEARS OF AGE, TO TESTIFY WITHOUT FIRST ESTABLISHING HER COMPETENCY.
¶ 9. W. J.’s only assignment of error is that the trial court erred in allowing the child, E.A.J., to testify. He claims that the court failed to establish her competency and that the case should therefore be reversed. W. J.’s argument is a two prong approach. First, W.J. argues that because of the age of the child and some of her responses, the court should have, but failed to, voir dire the witness in order to show she could appreciate the importance of telling the truth. Secondly, because the court failed to voir dire the child to establish that she was a competent witness, her testimony is irrelevant under Rule 401 of the Mississippi Rules of Evidence and the case should be reversed.
¶ 10. In Barnett v. State, 757 So.2d 823, 328(¶ 13) (Miss.Ct.App.2000), this Court clearly stated that the standard, which should be considered in determining whether testimony should be allowed or not, is abuse of discretion. In that case involving the same issue, concerning the testimony of a minor witness, this Court started out by stating that “[a]ny analysis challenging the competency of a witness begins with the assumption that every person is competent to give evidence, subject to certain exceptions based on considerations of policy unrelated to the capacity of the witness to comprehend and relate relevant information.” Id. (quoting M.R.E. 601). This Court continued by saying that to exclude the testimony of a witness, that party must convince the trial court that the “prospective witness lacks the fundamental capacity to testify helpfully because he is unable to perceive and remember events, is incapable of understanding and *208 responding appropriately to questions concerning those events, or is not able to appreciate the importance of truthfulness in relating his version of the events.” Id. (citing Bowen v. State, 607 So.2d 1159, 1160-61 (Miss.1992)).
¶ 11. Also stated in the Barnett case is an interpretation of Mississippi Rule of Evidence 601 in connection with Ivy v. State, 522 So.2d 740 (Miss.1988).
Though a literal reading of Rule 601 would suggest that there is no basis to exclude the testimony of a child, no matter its level of intellectual development, the Mississippi Supreme Court has made clear that the trial court may continue to exclude such evidence in its discretion by focusing on issues of relevancy under Rule 401 rather than the issue of competency.
Barnett, 757 So.2d at 328(¶ 13) (citing Ivy, 522 So.2d at 742).
¶ 12. This Court continued in Barnett by stating:
Rule 401 defines relevance as evidence “having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” M.R.E. 401. Apparently, the supreme court in Ivy meant to convey the notion that, if the trial court determined that, because of the tender years of the proposed witness, the child could not be expected to accurately recall and relate events as they actually occurred or to understand the importance of reporting any such recollections truthfully, the court could exclude any such proposed testimony on the basis that it did nothing to prove or disprove a fact critical to the case.
Id. at 328(¶ 14).
¶ 13. The Barnett case goes on to explain the effects of the Ivy case to its own facts and concludes that there is “nothing in Ivy or later decisions that would significantly alter the legal issues involved from those that have traditionally affected admissibility of a young child’s proposed testimony.” Id. at 329(¶ 15).
¶ 14. It is also noteworthy to state that a court’s preliminary questioning of a victim in a child abuse prosecution is sufficient to establish a victim’s competency to testify, and a separate voir dire is not required. Bailey v. State, 729 So.2d 1255, 1259(¶ 20) (Miss.1999).
¶ 15. In the present case, the trial court examined the minor outside the presence of the jury. The judge questioned the minor regarding her ability to recall the past and her understanding of the importance of telling the truth and listened to her responses to those questions. After questioning and listening to the child, as well as observing the demeanor of the child, the trial court determined that the child’s testimony was at least trustworthy enough to be heard. As stated above, the issue of exclusion of a child witness is at the sound discretion of the trial court. Barnett, 757 So.2d at 328(¶ 13). Without W.J. showing how, in some demonstrable way, the trial court abused that discretion, there is no basis for this Court to interfere with the court’s ruling. Bowen v. State, 607 So.2d 1159, 1161 (Miss.1992). There was no such showing in this ease, therefore, we find this issue is without merit.
¶ 16. Even if the court had committed error in permitting the child to testify, that error would have been cured by the testimony of Barrett, the social worker, and Matherne, the psychologist.
¶ 17. THE JUDGMENT OF THE HARRISON COUNTY YOUTH COURT IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
*209 McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.