CHANDLER, J.,
for the court.
¶ 1. Kenneth Fredrick Higdon was indicted for touching a child less than sixteen years old. After a jury trial in the Circuit Court of DeSoto County, Higdon was found guilty of fondling. He was sentenced to serve ten years in the custody of the Mississippi Department of Corrections. Higdon appeals, alleging that the trial court erred in disallowing evidence concerning the whereabouts of the victim’s father, in denying jury instruction D-2, in allowing hearsay testimony, and in denying the motion for a directed verdict, for a judgment notwithstanding the verdict (JNOV), or for a new trial.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. C.F. is the mother of B.D., the victim. Higdon kept B.D. at his home on Sunday nights while C.F. was working. B.D. began complaining that she did not want to go to Higdon’s home. B.D. asked her mother not to go to work; B.D. told her that Higdon was patting her on the behind. Higdon admitted to C.F. that he had patted B.D. on the behind and agreed not to do it again. Later, B.D. told her mother that Higdon had exposed himself to her, asked her to touch him and asked her to take off her clothes. Higdon had also told B.D. about a magazine with naked women. B.D. later told her mother that she touched Higdon’s “private spot.” C.F. contacted the police.
¶ 4. Higdon was indicted in the Circuit Court of DeSoto County for touching a child less than sixteen years old. After a jury trial, Higdon was found guilty and sentenced to ten years in the custody of the Mississippi Department of Corrections.
LAW AND ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN DISALLOWING EVIDENCE CONCERNING THE WHEREABOUTS OF THE VICTIM’S FATHER AND THE REASON THAT HE WAS INCARCERATED.
¶ 5. Higdon contends that the trial court erred in excluding evidence that *342 B.D.’s father was in prison for child molestation. Higdon alleges that exclusion of the evidence was improper since a defense theory was that someone other than Hig-don may have committed the crime. The State argues that the evidence was not relevant because B.D.’s father had been in jail since B.D. was approximately eighteen months old and B.D. was six years old when the crime occurred.
¶ 6. The standard of review for the exclusion of evidence is abuse of discretion. Harrison v. McMillan, 828 So.2d 756, 765(27) (Miss.2002). If the Court finds an erroneous exclusion of evidence, the Court will reverse the ruling only if the error adversely affected a substantial right of a party. Gibson v. Wright, 870 So.2d 1250, 1258(28) (Miss.Ct.App.2004). Therefore, we must determine whether the court abused its discretion in excluding the evidence.
¶ 7. The only authority Higdon cites in support of his argument is Miskelley v. State, 480 So.2d 1104 (Miss.1985). Miskel-ley holds that “any evidence that is material and relevant, which has a bearing on the motives, bias, and interests of a witness and affects the credibility of that witness is admissible.” Id. at 1108. The fact that the victim’s father was in prison for child molestation was not relevant evidence. Mississippi Rules of Evidence 401 defines relevant evidence as “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.” The evidence regarding the victim’s father did not affect the credibility of the victim. Although Higdon wanted to suggest that the victim’s father was responsible for committing the crime, Higdon’s theory was impossible because B.D. had not seen her father in over four years. Because the evidence regarding the victim’s father is of no consequence as to whether Higdon committed the crime, the evidence is not relevant. Therefore, the trial court did not abuse its discretion in excluding the evidence.
II. WHETHER THE TRIAL COURT ERRED IN DENYING JURY INSTRUCTION D-2.
¶ 8. Higdon contends that the trial court erred in denying jury instruction D-2 which instructed the jury to view B.D.’s testimony in light of the child’s age and understanding. Higdon contends that jury instruction D-2 is justified when a child witness contradicts previous statements. The State argues that the trial court did not err in denying the instruction because Mississippi law does not require the court to instruct the jury to view a child’s testimony in light of the child’s age and understanding.
¶ 9. Higdon contends that Burbank v. State, 800 So.2d 540 (Miss.Ct.App.2001) supports his position. The court in Burbank stated the jury is responsible for determining the credibility of witnesses. Id. at 545(12). The court stated that “[i]t is improper for a trial court to comment upon the weight or credibility of witnesses.” Id. The court held:
[a] child is not presumed to be dishonest and should be viewed as truthful as any other witness. It is not improper to reject an instruction telling the jury to receive with caution the testimony of a child of tender years. If the jury is to be instructed at all with respect to the testimony of the child, it should be told to view the testimony in light of the child’s age and understanding, not his veracity.
Id. at 545(13). Burbank clearly does not require the jury to be instructed regarding a child’s testimony. Therefore, the trial court did not err in refusing jury instruction D-2. This issue is without merit.
*343 III. WHETHER THE TRIAL COURT ERRED IN ALLOWING TESTIMONY FROM TOMIKO MACKEY.
¶ 10. Prior to trial, the court overruled Higdon’s motion in limine to exclude testimony from Tomiko Mackey, a forensic examiner. Higdon alleges that the testimony was hearsay. Higdon’s only authority in support of his contention is the United States Supreme Court’s ruling in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).
¶ 11. Crawford held that testimonial, out-of-court statements by witnesses are barred under the Confrontation Clause of the Sixth Amendment, unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness, regardless of whether the statements are deemed reliable by the court. Id. at 68, 124 S.Ct. 1354. The ruling in Cranford does not apply to the present case because Mackey was available to testify as a witness and Higdon had the opportunity to cross-examine Mackey. Therefore, this issue is without merit.
IV. WHETHER THE TRIAL COURT ERRED IN DENYING THE MOTION FOR A DIRECTED VERDICT, A JNOV, OR, ALTERNATIVELY, A NEW TRIAL.
¶ 12. Higdon filed a motion for a directed verdict, a JNOV, or, alternatively, a new trial. The motions were denied by the trial court. A motion for a directed verdict and a motion for a JNOV both challenge the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). When the sufficiency of the evidence is challenged on appeal, we “properly review[ ] the ruling on the last occasion the challenge was made in the trial court.” Id. Higdon last challenged the sufficiency of the evidence with his motion for a JNOV. On appeal of the denial of a motion for a JNOV, all evidence supporting the guilty verdict is accepted as true and the State must be given the benefit of all reasonable inferences that can be reasonably drawn from the evidence. Bell v. State, 910 So.2d 640, 646(16) (Miss.Ct.App.2005).
¶ 13. Higdon further contends that the verdict of the jury is against the overwhelming weight of the evidence. When this Court reviews an argument suggesting that the verdict was against the overwhelming weight of the evidence, we will reverse only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice. Collins v. State, 757 So.2d 335, 337(5) (Miss.Ct.App.2000).
¶ 14. Higdon contends that the testimony of the victim was substantially impeached. Higdon notes that B.D. was six years old at the time of the alleged incident. Higdon claims that B.D.’s testimony was the only evidence of guilt. The State notes that, although Higdon did not testify, Higdon’s statement came into evidence that he did not remember if he asked the victim to touch his penis. Therefore, the State contends, Higdon did not contradict B.D.’s version of the incident. Additionally, Mackey testified that B.D.’s behavior was consistent with someone who had been sexually abused.
¶ 15. We find no merit in Higdon’s contentions. The jury is the final arbiter of a witness’s credibility. Morgan v. State, 681 So.2d 82, 93 (Miss.1996). It is the jury’s responsibility to weigh the conflicting testimony. Williams v. State, 757 So.2d 953, 957(17) (Miss.1999). We find that Higdon’s allegation that the victim’s testimony was not corroborated is not consistent with the evidence. The evidence was sufficient to support the verdict and *344 the verdict was not contrary to the overwhelming weight of the evidence. This issue is without merit.
¶ 16 THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF FONDLING AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARS OF POST-RELEASE SUPERVISION, PURSUANT TO THE PROVISIONS OF SECTION 47-7-34 M.C.A. AS A REGISTERED SEX OFFENDER, PAY A FINE OF $1,000 AND $100 TO THE MISSISSIPPI CRIME VICTIMS’ COMPENSATION FUND IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.