KING, C.J.,
for the Court:
¶ 1. Jack Moore was convicted in the Circuit Court of Tishomingo County of two counts of sexual battery and sentenced to twenty-eight years on each count, with the sentences to run concurrently and five years of post-release supervision, in the custody of the Mississippi Department of Corrections (MDOC). Moore was also ordered to pay a $1,000 fine and $1,000 to the Mississippi Children’s Trust Fund. Aggrieved, Moore appeals, raising one issue: whether the verdict is against the overwhelming weight of the evidence. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. M.B. and Jack Moore divorced in 2003.[1] As a result, M.B. gained custody of their three children, and Moore was granted visitation rights. Moore enjoyed very liberal visitations with his children over the years.
¶ 3. In 2006, A.B., their daughter, revealed to M.B. that Moore had consistently molested her during visitations from 2003 to 2006. M.B. reported A.B.’s allegations to the Mississippi Department of Human Services (DHS) and local law enforcement. Thereafter, Moore was forbidden to exercise visitation with A.B. DHS interviewed A.B., M.B., and the other children. At that time, the police began their investigation as well. But nothing else occurred in the case until 2007.
¶ 4. A.B. attempted suicide in 2007, prompting M.B. to contact the police regarding their investigation of Moore. On January 29, 2008, Detective Donald Kirk II and Detective Greg Mitchell of the Tish-omingo County Sheriffs Department picked up Moore for questioning.
¶ 5. Detective Kirk testified that: he read Moore his Miranda rights; Moore signed an acknowledgment of those rights; and Moore signed a Miranda waiver. Those forms were admitted into evidence. Detective Kirk testified that during the questioning, Moore confessed to the crimes and dictated his statement to Detective Kirk. According to both detectives, Moore reviewed the statement and signed it. *29 Moore’s signed statement was also admitted into evidence. Moore was later arrested and indicted for two counts of sexual battery.
¶ 6. During the trial, M.B. testified that A.B. was an honor-roll student before 2003. After -2003, A.B. was depressed; her grades declined significantly; and she began associating with a rebellious crowd. M.B. testified that when she confronted Moore with A.B.’s allegations, he cried and apologized to her.
¶ 7. A.B. testified that her father molested her every time she had visited him. She could recall two specific incidents. A.B. testified that on May 10, 2003, she and her siblings had visited their father at her grandparents’ home. While she was asleep, Moore entered her bedroom, put his hand over her mouth, removed her clothing, and inserted his finger into her vagina. She was eleven years old at the time. A.B. also recalled a similar incident that occurred when she was twelve years old on December 19, 2003, while A.B. and her siblings were visiting their father during the Christmas holidays. Moore’s girlfriend and her twin daughters were visiting, and the twin girls slept with A.B. in her room. A.B. testified that Moore entered her bedroom, put his hand over her mouth, removed her clothing, and inserted his finger into her vagina. A.B. also testified that her father wrote her a letter on September 19, 2006, in which he apologized to her and asked for a chance to be a better dad.
¶ 8. Moore denied that he had molested his daughter and denied that he had confessed to Detectives Kirk and Mitchell. Moore testified that the detectives refused to give him any information and refused to let him leave until he signed the forms. Moore stated that the statement was blank when he signed it, and the detectives created a false confession. In regard to his apologies to M.B. and A.B., Moore explained that he was not apologizing for the allegations of sexual battery. Instead, Moore insisted that he was apologizing for not being a better father to A.B. during the time of her depression and attempted suicide.
¶ 9. On May 13, 2009, a Tishomingo County jury found Moore guilty of two counts of sexual battery. Moore was sentenced to twenty-eight years on each count, with the sentences to run concurrently in the custody of the MDOC. Moore was also ordered to pay a $1,000 fine and $1,000 to the Mississippi Children’s Trust Fund. Thereafter, Moore filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. The trial court denied the.motion. Aggrieved, More timely filed this appeal.
ANALYSIS
 ¶ 10. A motion for a new trial challenges the weight of the evidence. See Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005). On appeal, the evidence is viewed in the light most favorable to the verdict. Id. This Court will not disturb the jury’s verdict unless “it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Id.
¶ 11. Moore argues that the verdict is against the overwhelming weight of the evidence based on three reasons: (A) the source of the complaint, (B) the lack of evidence, and (C) an improper investigation.
A. The Source of the Complaint
¶ 12. Here, Moore attacks A.B.’s credibility. Moore maintains that other people were present during the times that he allegedly molested A.B.; thus, if the *30 abuse had occurred consistently over three years, someone would have witnessed it.
¶ 13. However, an eyewitness is not necessary for a conviction. “[T]he ‘totally uncorroborated testimony of a [sex-crime] victim is sufficient to support a guilty verdict where that testimony is not discredited or contradicted by other evidence.’ ” Morris v. State, 913 So.2d 432, 435 (¶ 13) (Miss.Ct.App.2005) (quoting Christian v. State, 456 So.2d 729, 734 (Miss.1984)). Furthermore, it is the sole province of the jury to determine the credibility of the witnesses and the weight to give to the evidence. See Burbank v. State, 800 So.2d 540, 545 (¶ 12) (Miss.Ct.App.2001).
¶ 14. Besides Moore’s testimony, A.B.’s testimony was neither discredited nor contradicted by any other evidence. Thus, A.B.’s testimony alone is sufficient to support Moore’s conviction.
B.The Evidence
¶ 15. Next, Moore argues that the verdict is against the overwhelming weight of the evidence because there is no physical evidence that he molested A.B. Physical evidence is not required to secure a conviction. See Brown v. State, 751 So.2d 1155, 1158 (¶ 12) (Miss.Ct.App.1999).
¶ 16. Moore also argues that the apologies to M.B. and A.B. were not admissions that he had molested A.B. Instead, he contends that these apologies expressed his sorrow over his daughter’s behavioral issues and attempted suicide. As previously stated, it is within the jury’s province to determine the weight and credibility to give to the evidence. Burbank, 800 So.2d at 545 (¶ 12). Based on the jury’s guilty verdict, the jury resolved any conflicts in the evidence in favor of the State.
C.The Investigation
¶ 17. Moore criticizes the sheriffs department’s investigation in this case. He complains that he was not questioned at the sheriffs department but at an off-site facility. And Moore complains that Detective Mitchell lacked experience with sexual-assault cases. Moore was indeed questioned by Detective Kirk at an off-site facility, which was used by the narcotics division of the sheriffs department for investigations. Although Detective Mitchell lacked experience with sexual-assault cases, Detective Kirk, the lead investigator, had plenty of experience handling sexual-assault cases. Detective Mitchell was simply present as a witness. Moore’s complaints have no merit.
¶ 18. Moore also challenges the admissibility of his confession, arguing that it was not given voluntarily. “When the trial court has [denied] a motion to suppress a defendant’s confession, we will reverse the trial court’s decision only if the trial court’s ruling is manifest error or contrary to the overwhelming weight of the evidence.” O’Halloran v. State, 731 So.2d 565, 570 (¶17) (Miss.1999). When ruling on the admissibility of a confession, the trial court must determine, based on the totality of the circumstances, whether the confession was voluntarily and knowingly given and whether the defendant was given his Miranda rights. Scott v. State, 8 So.3d 855, 861 (¶ 23) (Miss.2008).
¶ 19. The State bears the burden of proving beyond a reasonable doubt that the confession was voluntarily and knowingly given. Wilson v. State, 936 So.2d 357, 362 (¶ 8) (Miss.2006). At the suppression hearing, Detectives Kirk and Mitchell testified that they had asked Moore for permission to question him, and Moore gave his permission to be questioned. Moore was not under arrest at that time. Moore was given the option to follow the *31 detectives or to ride with them, and Moore chose to ride with them. Moore stated that the detectives did not give him an option.
¶20. The State introduced Moore’s signed Miranda acknowledgment form, waiver, and confession. Detectives Kirk and Mitchell testified that Moore’s Miranda rights were read to him; Moore voluntarily signed these forms; and he voluntarily gave his confession. In regard to receiving his Miranda warning, Moore testified that:
A: ... I don’t believe [Detective Kirk] read them to me. He asked me did I know my Miranda rights. I said, Yeah. He said, Well, do you mind signing this that they’ve been read to you to save me the time?
Q: But you never told the officer, I don’t understand what I’m signing, I don’t understand what I’m waiving; is that correct?
A. Yeah, I never told him that.
When asked about his confession, Moore maintained that he signed a blank statement form and that he told the detectives: ‘You put down anything you want to. I’m just ready to go home.”
¶21. As the fact-finder, it is the trial court’s duty to resolve conflicts in the testimony regarding whether a confession was voluntarily given. See Scott, 8 So.3d at 861 (¶ 25). Based on the evidence presented during the suppression hearing, the trial court determined that Moore was given his Miranda rights, voluntarily signed an admission that he understood those rights, and voluntarily signed a waiver of those rights. The trial court determined that Moore was free to leave at any time and that the detectives did not threaten, coerce, or promise Moore anything to obtain his confession.
¶ 22. Because the trial court’s ruling is supported by the evidence, we find that the trial court did not err by denying Moore’s motion to suppress his confession. This argument is without merit.
CONCLUSION
¶ 23. Viewing the evidence in the light most favorable to the verdict, we do not find that the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustfce. Thus, Moore’s convictions and sentences are affirmed.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF TISHOMINGO COUNTY OF CONVICTION OF TWO COUNTS OF SEXUAL BATTERY AND SENTENCE OF TWENTY-EIGHT YEARS ON EACH COUNT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THE SENTENCES TO RUN CONCURRENTLY, AND FIVE YEARS OF POST-RELEASE SUPERVISION, AND TO PAY A $1,000 FINE AND $1,000 TO THE MISSISSIPPI CHILDREN’S TRUST FUND, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TISHOMINGO COUNTY.
LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.

. We substitute fictitious initials for the names of minor victims and their families to protect their identity.